IN THE MATTER OF: BISHOP, MINOR CHILDREN; BUNCOMBE COUNTY DE-
PARTMENT OF SOCIAL SERVICES, PETITIONER-APPELLEE v. DIXIE MARIE
JAMES BURKS, RESPONDENT-APPELLANT

No. 8828DC405

(Filed 7 February 1989)

**1. Parent and Child § 1.5— termination of parental rights—counsel's ad-
vice—respondent not denied effective assistance of counsel**

In a proceeding to terminate parental rights, there was no merit to re-
spondent's contention that she was denied effective assistance of counsel when
counsel advised her to consent to orders which provided that her children
would remain in foster care, while she never wanted to give up custody of her
children and the orders incorrectly indicated that she "willfully" left the
children in foster care, since the attorney who advised respondent with regard
to the prior orders did not represent her at the termination hearing because
he testified as a witness for her; he testified that respondent had always in-
dicated to him that she wanted custody of the children; and he testified that
he had asked the court to indicate respondent's desires in the orders, two of
which did state that respondent wanted custody of the children. /

**2. Parent and Child § 1.5— termination of parental rights—court's denial of
counsel's motion to continue or withdraw—respondent not denied effective as-
sistance of counsel**

In a proceeding to terminate parental rights, there was no merit to re-
spondent's contention that she was denied effective assistance of counsel when
the trial court denied counsel's motion to continue or withdraw from the case,
since the record showed that counsel was unable properly to represent re-
spondent, not because of a lack of time for trial preparation, but because
respondent failed to cooperate with her counsel by making herself unavailable
for consultation.

**3. Parent and Child § 1.6— termination of parental rights—children left in foster
care more than 18 months—sufficiency of evidence**

Evidence was sufficient to support a termination of respondent's parental
rights under N.C.G.S. § 7A-289.32 in that she willfully left her children in
foster care for more than eighteen months where the evidence showed that re-
spondent voluntarily left her children in foster care; she had been unable to
care for her children and had not demonstrated the ability to do so despite the
efforts of petitioner; although respondent was mildly retarded, this should not
in itself have prevented her from obtaining employment and becoming an ade-
quate parent; and though respondent participated to some extent in programs
designed to improve her ability to work and her parenting skills, she made
only limited progress and was unable to keep a job or significantly improve
her parenting skills.

In re Bishop

**4. Parent and Child § 1.6— termination of parental rights—no progress by parent in correcting conditions—sufficiency of evidence**

In a proceeding to terminate parental rights, evidence was sufficient to support findings that respondent had not made reasonable progress in correcting the conditions which led to the removal of her children, nor had she shown a positive response to petitioner's efforts to strengthen the parental relationship and provide constructive planning for the children's future, since the evidence showed that, since the children were removed from her custody, respondent held two jobs for short periods of time, but she quit both jobs; she was unable to obtain her own housing but lived in her parents' mobile home when not traveling; respondent's own expert witness testified that, as of the time of the hearing, she would not be a suitable mother and that one of the reasons for her failure to improve was her lack of motivation; and observers of her visits with the children testified that her relationships with them were not good.

**5. Parent and Child § 1.5— termination of parental rights—events occurring after filing of petition—consideration by trial court proper**

In a proceeding to terminate parental rights, the trial court did not err in admitting evidence of events which occurred after the filing of the petition, since part of the evidence in question consisted of psychological evaluations of respondent which were clearly relevant and admissible, and the other evidence concerning respondent's actions after the petition was filed was clearly relevant to determine the existence of the factors justifying termination under N.C.G.S. § 7A-289.32(3).

APPEAL by respondent from *Roda (Peter L.), Judge.* Order entered 31 August 1987 in District Court, BUNCOMBE County. Heard in the Court of Appeals 26 October 1988.

This is a proceeding to terminate parental rights. Respondent is the mother of four minor children. On 29 October 1984, petitioner, the Buncombe County Department of Social Services, filed a petition alleging that the children were neglected and obtained a non-secure custody order for the children. Petitioner placed the children in four separate foster homes. On 28 December 1984, the parties consented to an order that gave petitioner custody of the children pending respondent's compliance with certain conditions. In an order entered 1 August 1985, the district court found that respondent was complying with the prior order and had entered into an agreement with petitioner to work towards the return of her children. In subsequent orders entered 13 December 1985, 28 August 1986, and 12 January 1987, the court found that respondent had failed to meet the conditions required for the return of the children and continued petitioner's custody of the children.

On 5 February 1987, petitioner filed a petition for termination of the parental rights of respondent and the fathers of the children. An amendment to the petition alleged that the father of one of the children was deceased. The father of the other three children never filed any answer or response to the petition and his parental rights were terminated by order entered 4 June 1987. Respondent filed a response to the petition which denied all allegations as they related to respondent. After a hearing, the trial court concluded that grounds for termination of parental rights existed under G.S. 7A-289.32(3) and ordered that respondent's parental rights be terminated. Respondent appeals.

*Rebecca B. Knight for petitioner-appellee.*

*Richard Schumacher for guardian ad litem-appellee.*

*Robert G. Karriker for respondent-appellant.*

PARKER, Judge.

Many of respondent's thirty-eight assignments of error and forty exceptions are not supported by arguments in respondent's brief and, therefore, are taken as abandoned. Rule 28(b)(5), N.C. Rules App. Proc. The remaining assignments of error are grouped under five questions in respondent's brief. Respondent first contends that she was denied effective assistance of counsel in violation of her constitutional and statutory rights. Respondent's next two arguments are that the trial court erred in concluding that certain grounds for termination of parental rights existed under G.S. 7A-289.32(3). Respondent then argues that the trial court erred in admitting evidence of occurrences after the filing of the petition and that many of the trial court's findings of fact are not supported by sufficient evidence.

The parents' right to counsel in a proceeding to terminate parental rights is now guaranteed in all cases by statute. G.S. 7A-289.23. A parent's interest in the accuracy and justice of the decision to terminate his or her parental rights is a commanding one. *Lassiter v. Department of Social Services*, 452 U.S. 18, 27, 101 S.Ct. 2153, 2160, 68 L.Ed. 2d 640, 650 (1981). By providing a statutory right to counsel in termination proceedings, our legislature has recognized that this interest must be safeguarded by adequate legal representation. If no remedy is provided for inade-

quate representation, the statutory right to counsel will become an "empty formality." *See State v. Sneed,* 284 N.C. 606, 612, 201 S.E. 2d 867, 871 (1974). Therefore, the right to counsel provided by G.S. 7A-289.23 includes the right to effective assistance of counsel.

[1] Respondent first contends that she was denied effective assistance of counsel when counsel advised her to consent to orders which provided that her children would remain in foster care. Respondent's parental rights were terminated under G.S. 7A-289.32(3), which provides for termination when the parent has "willfully left the child in foster care for more than 18 months" and certain other conditions exist. Respondent argues that she never wanted to give up custody of her children and that the orders incorrectly indicate that she "willfully" left the children in foster care. This argument is without merit.

To prevail on a claim of ineffective assistance of counsel, respondent must show that counsel's performance was deficient and the deficiency was so serious as to deprive her of a fair hearing. *State v. Braswell,* 312 N.C. 553, 562, 324 S.E. 2d 241, 248 (1985). The attorney who advised respondent with regard to the prior orders did not represent her at the termination hearing because he testified as a witness for respondent. The witness testified that respondent always had indicated to him that she wanted custody of the children, but as her attorney, he did not object to leaving the children in foster care because he felt that respondent's living situation at the time did not provide ample room for the children. He also testified that he had asked the court to indicate respondent's desires in the orders. Two of the orders do state that respondent wanted custody of the children.

Under these circumstances, counsel's performance was not deficient and any prejudicial effect the previous orders may have had was negated by his testimony. The question of whether the evidence in this case supports a finding that respondent willfully left her children in foster care will be addressed later in this opinion.

[2] Respondent also contends that she was denied effective assistance of counsel when the trial court denied counsel's motion to continue or withdraw from the case. The motion was made on the day of the termination hearing by the attorney representing re-

spondent at the hearing. The motion stated that counsel had only met with respondent on two or three occasions, respondent had not contacted counsel for two and one-half to three months, counsel had been unable to locate respondent, and counsel had not had adequate communication with respondent to properly represent her. Respondent was not present for the first two days of the hearing but was present on the final two days.

A trial court's ruling on a motion to continue ordinarily will not be disturbed absent a showing that the trial court abused its discretion, but the denial of a motion to continue presents a reviewable question of law when it involves the right to effective assistance of counsel. *See State v. McFadden,* 292 N.C. 609, 611, 234 S.E. 2d 742, 744 (1977). The right to effective assistance of counsel includes, as a matter of law, the right of client and counsel to have adequate time to prepare a defense. *State v. Maher,* 305 N.C. 544, 550, 290 S.E. 2d 694, 697-98 (1982). Unlike claims of ineffective assistance of counsel based on defective performance of counsel, prejudice is presumed in cases where the trial court fails to grant a continuance which is "essential to allowing adequate time for trial preparation." *Id.*

In the present case, however, there was ample time for trial preparation and respondent simply failed to cooperate with her counsel. The motion to continue states that counsel made repeated efforts to contact respondent but was unable to do so. Respondent concedes in her brief that she conferred with counsel concerning her response, which was filed on 18 March 1987. The record shows that the matter was originally scheduled for hearing on 4 June 1987, was continued at respondent's request to 20 July 1987, and was then continued at her request to 20 August 1987. Respondent's social worker testified that respondent was traveling during much of the time between the filing of her response and the final hearing.

Under these circumstances, we find little merit in respondent's contention that she had no notice of the hearing. Where the lack of preparation for trial is due to a party's own actions, the trial court does not err in denying a motion to continue. *See State v. Sampley,* 60 N.C. App. 493, 299 S.E. 2d 460, *disc. rev. denied and appeal dismissed,* 308 N.C. 390, 302 S.E. 2d 257 (1983); *State v. McDiarmid,* 36 N.C. App. 230, 243 S.E. 2d 398 (1978). Accord-

ingly, we hold that respondent was not denied effective assistance of counsel.

[3] Respondent next contends that there was insufficient evidence to support a termination of her parental rights under G.S. 7A-289.32. The trial court's order of termination was based upon the following grounds:

> The parent has willfully left the child in foster care for more than 18 months without showing to the satisfaction of the court that reasonable progress under the circumstances has been made within 18 months in correcting those conditions which led to the removal of the children or without showing positive response within 18 months to the diligent efforts of a county Department of Social Services, a child-caring institution or licensed child-placing agency to encourage the parent to strengthen the parental relationship to the child or to make and follow through with constructive planning for the future of the child. Provided, however, that no parental rights shall be terminated for the sole reason that the parents are unable to care for the child on account of their poverty.

G.S. 7A-289.32(3). The burden was on petitioner to prove the facts justifying termination by clear and convincing evidence. G.S. 7A-289.32(3a). In this case, respondent does not dispute that she left the children in foster care for more than eighteen months. Respondent contends that the evidence does not show that she did so "willfully." She also contends the evidence shows that she made reasonable progress in correcting the conditions which led to the removal of the children and that she exhibited a positive response to petitioner's efforts to enable her to care properly for her children.

Some background information is required for a full understanding of this case. Respondent is mildly mentally retarded with an I.Q. of sixty-nine. Her four children were born in 1979, 1982, 1983, and 1984. The father of one of the children died in 1982. The father of the three remaining children had abused the children and was incarcerated for food stamp fraud in April 1984. Although he was released from prison in October 1985, he apparently had no further contact with the family.

Petitioner first began working with respondent in February 1984 after receiving reports expressing concern for the children. At that time, the family was living with respondent's parents in a small house owned by her parents. An initial investigation revealed that the children were not receiving adequate medical care. After efforts to improve the situation failed, petitioner obtained custody of the children in October 1984. Since that time, petitioner has attempted to reunify the family. A primary goal has been to enable respondent to secure employment and obtain proper housing for her children. The failure to achieve this goal led petitioner to seek termination of respondent's parental rights.

Respondent contends that, although she left her children in foster care, she did not do so "willfully" within the meaning of G.S. 7A-289.32(3). For the purposes of termination based on willful abandonment under G.S. 7A-289.32(8), this Court has held that the word "willful" connotes purpose and deliberation. *In re Adoption of Searle*, 82 N.C. App. 273, 275, 346 S.E. 2d 511, 514 (1986). Willfulness under G.S. 7A-289.32(3), however, is something less than willful abandonment. *In re Harris*, 87 N.C. App. 179, 183-84, 360 S.E. 2d 485, 487-88 (1987). In *In re Wilkerson*, 57 N.C. App. 63, 291 S.E. 2d 182 (1982), the parents contended that willfulness under G.S. 7A-289.32(3) was not shown where they were unable to remove their child from foster care due to their lack of education, inability to find employment, and alcoholism. This Court rejected that argument, holding that the requirement of willfulness was met because the parents had the ability to overcome their problems but had failed over a period of six years to take steps to improve their situation. *In re Wilkerson*, 57 N.C. App. at 68, 291 S.E. 2d at 185.

In the present case, respondent may not have wanted to leave her children in foster care, but it is clear that she did so voluntarily. It is equally clear that she has been unable to care for her children and has not demonstrated the ability to do so despite the efforts of petitioner. Although she is mildly retarded, the record shows that this should not in itself prevent her from obtaining employment and becoming an adequate parent. In this sense, the circumstances of the present case are similar to those of *In re Wilkerson, supra.* There are, however, some important distinctions. The parents in *Wilkerson* had refused to cooperate with the petitioner's efforts to improve their situation. In this

case, respondent has participated to some extent in programs designed to improve her ability to work and her parenting skills. She has made limited progress in these areas, but has not been able to keep a job and the improvement in her parenting skills is not significant.

Although the evidence in this case does show some efforts on the part of respondent to regain custody of her children, we hold that the evidence supports a finding of willfulness under G.S. 7A-289.32(3). The fact that some efforts were made does not preclude a finding of willfulness. *In re Tate*, 67 N.C. App. 89, 94, 312 S.E. 2d 535, 539 (1984). The record shows that, although respondent initially participated in programs designed to improve her situation, she has largely abandoned these efforts. She has not followed through on her program of vocational training. Since the petition in this case was filed, respondent has been traveling, her visitation with the children has been very infrequent, and her social worker has had difficulty in contacting her.

We are not insensitive to respondent's contentions that her inability to improve her situation stems from her mental disability, her poverty, and other personal problems. The avowed legislative policy with respect to termination of parental rights, however, is that the interests of the child take precedence over conflicting interests of the parent. G.S. 7A-289.22(3). Accordingly, we are of the opinion that a finding of willfulness under G.S. 7A-289.32(3) does not require a showing of fault on the part of the parent. Willfulness may be found where the parent, recognizing her inability to care for the child, voluntarily leaves the child in foster care. In this case, respondent has been afforded almost double the statutory eighteen-month period in which to demonstrate her willingness to correct the conditions which led to the removal of her children. Her failure to do so supports a finding of willfulness regardless of her good intentions. A contrary conclusion would impermissibly give priority to the interests of the parent where they clearly conflict with the interests of the child.

[4] Respondent also contends that the evidence is not sufficient to support findings that she has not (i) made reasonable progress in correcting the conditions which led to the removal of her children nor (ii) shown a positive response to petitioner's efforts to strengthen the parental relationship and provide constructive

planning for the children's future. Petitioner had the burden to prove both lack of reasonable progress and lack of positive response. *In re Harris*, 87 N.C. App. at 185, 360 S.E. 2d at 488. We hold that petitioner met its burden to prove both factors by clear and convincing evidence.

The evidence clearly shows that, although respondent has made some progress in the areas of job and parenting skills, such progress has been extremely limited. Since the children were removed from her custody, she has held two jobs for short periods of time, but she quit both jobs. She has been unable to obtain her own housing and continues to reside in her parents' mobile home when she is not traveling. Respondent's own expert witness testified that, as of the time of the hearing, she would not be a suitable mother and that one of the reasons for her failure to improve was her lack of motivation. Observers of her visits with the children testified that her relationships with them were not good. The children displayed stress and confusion in their mother's presence. The little progress she has made has been in the area of caring for herself as opposed to her children.

Respondent does not contend that petitioner failed to make diligent efforts to assist her in improving her situation. In order to show a "positive response" to these efforts, there must be evidence of positive results. *In re Tate*, 67 N.C. App. at 94, 312 S.E. 2d at 539. In this case, petitioner's efforts have not led to positive results nor has respondent made reasonable progress in meeting the terms of petitioner's plan for reunification. Therefore, the trial court correctly concluded that grounds for termination of parental rights existed under G.S. 7A-289.32(3).

[5] Respondent next contends that the trial court erred in admitting evidence of events which occurred after the filing of the petition. The petition in this case was filed 5 February 1987, but the matter was not heard until 20 August 1987. Much of the evidence introduced at the hearing concerned the time period between the filing and hearing dates.

This argument is without merit. Part of the evidence in question consists of psychological evaluations of respondent. The trial court is empowered by statute to order such evaluations at the time of the hearing. G.S. 7A-289.30(b). Although the evaluations in this case were not court-ordered, they clearly were relevant and

admissible. The other evidence in question concerns respondent's actions after the petition was filed and was clearly relevant to determine the existence of the factors justifying termination under G.S. 7A-289.32(3). In cases concerning termination of parental rights based upon neglect, the trial court must consider evidence of changes in conditions up to the time of the hearing. *In re Ballard*, 311 N.C. 708, 715, 319 S.E. 2d 227, 232 (1984); *In re White*, 81 N.C. App. 82, 90, 344 S.E. 2d 36, 41, *disc. rev. denied*, 318 N.C. 283, 347 S.E. 2d 470 (1986). Such evidence is also admissible in proceedings to terminate parental rights under G.S. 7A-289.32(3).

In her final argument, respondent contends that many of the trial court's findings of fact are not supported by clear and convincing evidence. Based upon our review of the record and consideration of respondent's contentions, we hold that any errors in the trial court's findings of fact would not be prejudicial. There was sufficient clear and convincing evidence to support the essential findings required to justify terminating respondent's parental rights under G.S. 7A-289.32(3).

Therefore, we hold that the trial court did not err in concluding that grounds existed to terminate respondent's parental rights and the order of termination is affirmed.

Affirmed.

Chief Judge HEDRICK and Judge JOHNSON concur.