849 P.2d 1079 (1993)
115 N.M. 256
State of New Mexico, ex rel. Human Services Department:
In the Matter of the TERMINATION OF the PARENTAL RIGHTS OF JAMES W.H., Respondent, with respect to Desiree and Norma H., Children,
James W.H., Appellant.
No. 14,031.
Court of Appeals of New Mexico.
February 26, 1993.
James W.H., Los Lunas, pro se.
Simon Romo, Children's Court Atty., Albuquerque, for New Mexico Human Services Dept.
Jennifer Davis Hall, Albuquerque, Guardian Ad Litem.

*1080 Opinion

MINZNER, Chief Judge.
Father appeals the termination of his parental rights concerning his two daughters, Desiree and Norma. He is presently incarcerated for sexually abusing both girls. The children's mother has previously relinquished her parental rights. The sole issue Father raises on appeal is that his court-appointed trial attorney was ineffective because (1) he did not have the girls independently examined by experts to determine whether there was any physical evidence of sexual abuse, and (2) he did not arrange for Father to have a polygraph examination, which Father argues would have shown that he had not sexually abused Desiree and Norma. We assigned this case to the summary calendar and proposed to affirm on the basis that Father's claim did not appear to have any merit. Father has filed a pleading opposing the proposed disposition. A panel of this Court having reviewed the proposed disposition and Father's response, we now affirm.
In affirming, we determine that a parent is entitled to effective assistance of counsel in a termination of parental rights proceeding, and that such a claim may be reviewed on direct appeal. We conclude, however, that Father was not denied effective assistance of counsel.
Although many jurisdictions have addressed the issue of a parent's right to the effective assistance of counsel in a proceeding seeking to terminate parental rights, this is a matter of first impression in New Mexico. Because the relevant facts are undisputed and the application of legal principles to the facts of this case is clear, we conclude disposition on the summary calendar is appropriate. Cf. Garrison v. Safeway Stores, 102 N.M. 179, 180, 692 P.2d 1328, 1329 (Ct.App.) (disposition on summary calendar of appeal raising issue of first impression appropriate; both parties moved for summary disposition and filed memoranda in support), cert. denied, 102 N.M. 225, 693 P.2d 591 (1984). We believe the state of the law elsewhere is sufficiently settled and the facts of this case are such that it is appropriate to decide this appeal at this time. In addition, the child's guardian ad litem has moved this Court to expedite the appeal. For these reasons, the case will be resolved on the summary calendar, and for the reasons discussed below, we hold that in a termination of parental rights proceeding, a parent is entitled to effective assistance of counsel, and a claim that trial counsel was ineffective may be raised on direct appeal.
NMSA 1978, Section 32-1-55(E) (Repl.Pamp. 1989), provides that in a termination of parental rights proceeding, the "court shall, upon request, appoint counsel for any parent who is unable to obtain counsel for financial reasons, or, if in the court's discretion, appointment of counsel is required in the interest of justice." In State ex rel. Juvenile Department v. Geist, 310 Or. 176, 796 P.2d 1193, 1200 (1990), the Oregon Supreme Court determined that an Oregon statute similar to Section 32-1-55(E) included a right to adequate assistance of counsel. Similarly, the Wisconsin Supreme Court recently concluded that "where the legislature provides the right to be `represented by counsel' or represented by `appointed counsel,' the legislature intended that right to include the effective assistance of counsel." In re M.D.(S.), 168 Wis.2d 996, 485 N.W.2d 52, 55 (1992). "It is axiomatic that the right to be represented by appointed counsel is worthless unless that right includes the right to effective counsel. Representation by counsel means more than just having a warm body with `J.D.' credentials sitting next to you during the proceedings." Id., 485 N.W.2d at 54 (footnote omitted). A number of intermediate appellate courts have reached the same conclusion. See Powell v. Simon (In re Simon), 171 Mich. App. 443, 431 N.W.2d 71, 74 (1988); In re J.C., Jr., 781 S.W.2d 226, 228 (Mo. Ct. App. 1989); In re Erin G., 139 A.D.2d 737, 527 N.Y.S.2d 488, 490 (1988); Buncombe County Dep't of Social Servs. v. Burks (In re Bishop), 92 N.C. App. 662, 375 S.E.2d 676, 678 (1989); Jones v. Lucas County Children Servs. Bd., 46 Ohio App.3d 85, 546 N.E.2d 471, 473 (1988). But see Posner v. Dallas County Child Welfare Unit, *1081 784 S.W.2d 585, 588 (Tex. Ct. App. 1990) (retained counsel). We also conclude that the legislature would not have statutorily guaranteed an indigent parent the right to counsel without also guaranteeing that the court-appointed counsel be effective. In In re Ronald A., 110 N.M. 454, 455, 797 P.2d 243, 244 (1990), our Supreme Court realized that "[a] parent's right [to] custody is constitutionally protected." We hold that the right of a parent to counsel under Section 32-1-55(E) includes a right to competent counsel.
We also conclude that a parent's claim that he or she has been denied effective assistance of counsel in a termination proceeding is cognizable on direct appeal. Cf. Burks, 375 S.E.2d at 678 (if no remedy is provided for inadequate representation, then statutory right to counsel becomes empty formality). We agree with the Oregon Supreme Court that "[f]inality in the resolution of parental rights termination cases should be achieved as expeditiously as possible, consistent with due process." Geist, 796 P.2d at 1200. "[A]fter an adjudication terminating parental rights, appellate courts must not permit children to remain in the limbo of impermanent foster care (which we believe often will be detrimental to their best interests) any longer than is absolutely necessary." Id. at 1201. Therefore, we hold that Father's claim is cognizable in this direct appeal from the children's court decision terminating his parental rights. Id.; see also In re Adoption of T.M.F., 392 Pa.Super. 598, 573 A.2d 1035, 1043 (1990).
That is not to say that the claim may not be raised in any other way nor that in an appropriate case a remand for an evidentiary hearing would not be appropriate. Compare In re Stephen, 401 Mass. 144, 514 N.E.2d 1087, 1091 (1987) (preferred method is motion for new trial) with Geist, 796 P.2d at 1204 n. 16 (describing proposed procedure at intermediate appellate court level involving motion for remand to children's court to develop record). We hold only that the claim may be raised on direct appeal; we need not decide whether it may be raised by post-trial motion as well. See SCRA 1986, 1-059 (Repl. 1992). In this case, Father filed a timely notice of appeal and raised the issue in his docketing statement. In addition, after filing his notice of appeal but within thirty days after entry of judgment, he filed a motion for relief from judgment pursuant to SCRA 1986, Rule 1-060(B)(6) (Repl. 1992), and a motion for a stay pending the resolution of his appeal. In both motions he raised the issue that he had been denied effective assistance of counsel appointed under statutory authority. In this case, there is no need to decide whether the claim Father makes could have been raised by post-trial motion and, if so, whether a motion for new trial under SCRA 1-059, which must be filed within ten days after judgment is entered, is preferable to a motion under SCRA 1-060(B). See Archuleta v. New Mexico State Police, 108 N.M. 543, 545, 775 P.2d 745, 747 (Ct. App.), cert. denied, 108 N.M. 384, 772 P.2d 1307 (1989) (comparing the two rules).
However, because in these cases there is a very important third party  the child  whose interests can be harmed needlessly and irrevocably if a termination proceeding must be reopened, we encourage the trial judge to inquire of a parent, who has been represented by appointed counsel, immediately after terminating parental rights whether that parent has any concerns about the representation provided by counsel. Under our holding that a parent represented by appointed counsel has a right to effective counsel, we conclude that the trial judge has an obligation to facilitate the resolution of the issue of whether that parent has received effective assistance of counsel by holding an evidentiary hearing if he or she expresses concerns that merit such a hearing. For this reason, we recommend an inquiry by the trial judge prior to entering a written judgment. We recognize that a parent may have a difficult time expressing his or her concerns at this time, but we believe that in the interests of the child or children who are involved, an inquiry is desirable, because if concerns are expressed, then an early resolution of those concerns would be appropriate.
*1082 Father has asked us to measure the assistance provided parents in termination hearings by the same ineffective-assistance-of-counsel standard developed in the criminal law context. See State v. Talley, 103 N.M. 33, 35-36, 702 P.2d 353, 355-56 (Ct.App. 1985) (test is whether defense counsel exercised skill of a reasonably competent attorney). Our research indicates that, at the present time, that is the majority rule. See In re V.M.R., 768 P.2d 1268, 1270 (Colo.Ct.App. 1989); In re R.G., 165 Ill. App.3d 112, 116 Ill.Dec. 69, 78-79, 518 N.E.2d 691, 700-01 (1988); In re A.R.S., 480 N.W.2d 888, 891 (Iowa 1992); In re Rushing, 9 Kan. App.2d 541, 684 P.2d 445, 449 (1984); In re Stephen, 514 N.E.2d at 1091; Powell v. Simon (In re Simon), 431 N.W.2d at 74 (citing In re Trowbridge, 155 Mich. App. 785, 401 N.W.2d 65 (1986)); In re Erin G., 527 N.Y.S.2d at 490; Burks, 375 S.E.2d at 678; Jones, 546 N.E.2d at 473; In re M.D.(S.), 485 N.W.2d at 55. There is, however, contrary authority. See Geist, 796 P.2d at 1201-03 (question is whether proceeding was "fundamentally fair," which includes inquiry into whether counsel exercised professional skill and judgment); In re Adoption of T.M.F., 573 A.2d at 1040 (same); In re J.C., Jr., 781 S.W.2d at 228 (question is whether counsel was effective in providing a meaningful hearing); In re Moseley, 34 Wash. App. 179, 660 P.2d 315, 318 (1983) (applying test). The contrary authority appears to provide lesser standards, but we are not certain that the result reached would have been different under the criminal law standard. We also note, however, the "inadvisability of mechanically applying criminal law standards to a civil juvenile proceeding where the resolution turns not on guilt or innocence, but on the best interest of the child." In re J.P.B., 419 N.W.2d 387, 390 (Iowa 1988). Nevertheless, we need not decide in this case which standard to apply. Even under the criminal law standard advocated by Father, his claim lacks merit.
In New Mexico, the criminal law test for ineffective assistance of counsel is whether (1) counsel exercised the skill of a reasonably competent attorney, and (2) whether the defendant was prejudiced as a result. State v. Stenz, 109 N.M. 536, 537, 787 P.2d 455, 456 (Ct.App.), cert. denied, 109 N.M. 562, 787 P.2d 842 (1990) (citing Talley, 103 N.M. 33, 702 P.2d 353). The defendant has the burden of proving his or her counsel's incompetence and the prejudice resulting from that incompetence. Id. Applying the above standard to the present case, we conclude that Father's claims do not support a conclusion that he was prejudiced by ineffective assistance of counsel or merit remand.
Father contends that his attorney was ineffective because he did not have the girls independently examined by experts to determine whether there was any physical evidence of sexual abuse, and because he did not arrange for Father to have a polygraph examination, which Father argues would have shown that he had not sexually abused the girls. We need not decide whether Father's attorney's decisions not to pursue a polygraph examination and not to have the girls independently examined by a physician were reasonable tactical decisions, and therefore that counsel provided competent representation, because Father clearly was not prejudiced by these decisions.
Father is presently serving a prison sentence for sexually abusing Desiree and Norma. Moreover, Father stipulated in an earlier abuse and neglect proceeding that he had sexually abused his daughters. Therefore, counsel's decisions not to have the girls independently examined for physical signs of sexual abuse or to have Father take a polygraph test did not prejudice him.
Father's claim that he was denied effective assistance of counsel has no merit when reviewed under the standard applied in criminal cases. Therefore, the judgment terminating Father's parental rights is affirmed.
IT IS SO ORDERED.
DONNELLY and HARTZ, JJ., concur.