CALABRIA, Judge.
Susan Martin Milton ("respondent") appeals from an order terminating her parental rights to D.D.M. The sole issue on appeal is whether respondent was denied effective assistance of counsel by her counsel stipulating to the admission of records of the Stanly County Department of Social Services ("SCDSS") pertaining to the juvenile.
The record shows that on 16 December 2002, Judge Donna H. Johnson of the Cabarrus County District Court entered an order requiring that "a certified copy of all the child protective services records . . . maintained by the Stanly County Department of Social Services (SCDSS) be turned over to the Cabarrus County Clerk of Superior Court, to the attention of Alice Hatley, on orbefore January 16, 2003." Judge Johnson subsequently signed an order on 29 January 2003 directing the photocopying of records delivered by the SCDSS to the Cabarrus County Clerk of Court on 15 January 2003. This order also provided that "[a] copy will be provided to the court to review prior to the hearing in this matter based upon the stipulations of the parties." At the beginning of the termination hearing on 10 July 2003, counsel for petitioner, Ms. Widelski, noted that these records had not been formally noted in a prior disposition order as having been received into evidence or as having been made part of the record. She moved that the records be received into evidence at that time, or alternatively, she requested a continuance so she could have a witness present to authenticate the records. She indicated that the parties agreed at the prior hearing that the records were to be made part of the record. The court affirmed counsel's statement that the records "were received at disposition." Counsel for respondent stated that he concurred with the recollection of petitioner's counsel and that he had no objection to allowing the records to be made a part of the record.
The right to counsel in a parental rights termination proceeding encompasses the right to effective assistance of counsel. In re Bishop, 92 N.C. App. 662, 665, 375 S.E.2d 676, 678 (1989). A respondent who claims denial of this right "must show that counsel's performance was deficient and the deficiency was so serious as to deprive [the respondent] of a fair hearing." Id. at 665, 375 S.E.2d at 679. This burden has not been carried byrespondent. The order entered on 16 December 2002 by Judge Johnson required that "a certified copy" of the records be delivered to the clerk of Cabarrus County Superior Court. These materials were made part of the record at an earlier hearing, although not expressly noted in the disposition order. Respondent's counsel had ample time to review and study the records. Under these circumstances, we conclude respondent was not denied a fair hearing.
The court's order terminating respondent's parental rights is affirmed.
Affirmed.
Judges TIMMONS-GOODSON and LEVINSON concur.
Report per Rule 30(e).