IN THE MATTER OF: T.H., C.H., K.B., Minor Children
No. COA09-835.
Court of Appeals of North Carolina.
Filed December 22, 2009.
This case not for publication
Assistant County Attorney Twanda M. Staley, for Forsyth County Department of Social Services, petitioner-appellee.
Womble Carlyle Sandridge & Rice, PLLC, by Murray C. Greason, III, for Guardian ad Litem.
Ryan McKaig, for respondent-appellant.
JACKSON, Judge.
Patricia H. ("respondent") appeals from the 9 April 2009 order terminating her parental rights to the minor children, T.H., C.H., and K.B. For the reasons discussed herein, we affirm.
Respondent is the biological mother of T.H., C.H., and K.B., ages 8, 7, and 4, respectively. The biological father of T.H. and C.H. relinquished his parental rights, and the identity of K.B.'s biological father is unknown. On 22 October 2006, the Forsyth
County Department of Social Services ("DSS") was contacted by the Winston-Salem Police Department "due to suspicious burns and bruising" on K.B. On 23 October 2006, DSS filed juvenile petitions alleging K.B. was an abused and neglected juvenile, and T.H. and C.H. were neglected juveniles. The petitions alleged that on or about 22 October 2006, K.B. "had a burn from the back of his neck that wrapped around to the front of the neck and under the chin." K.B. also had several bruises on his face and "a large knot on the center of his forehead." There was "an older burn on his right forearm and a blister on his finger." All three children were filthy and appeared not to have been bathed in several days. Also, the house was filthy, and trash, beer bottles, and plastic baggies with marijuana residue were littered throughout the home. DSS took non-secure custody of the children.
On 6 February 2007, the trial court adjudicated K.B. an abused and neglected juvenile and adjudicated T.H. and C.H. neglected juveniles. In order for reunification to occur, respondent was ordered to (1) "submit[] to a substance abuse assessment and follow any and all recommendations made"; (2) "submit[] to random drug screens as requested by DSS or [a] substance abuse counselor"; (3) "participate[] [in] and successfully complete parenting classes through Imprints"; (4) "complete[] a psychological assessment/parenting capacity, to assist in determining her capability to parent appropriately"; (5) "obtain[] and maintain[] gainful employment"; and (6) "pay child support" as ordered. Respondent completed most of the court-ordered requirements. However, DSS and the minors' guardian ad litem ("GAL") remained concerned about her interactions with the children and her ability to apply the skills discussed in the parenting classes. At the 21 July 2008 permanency planning hearing, the trial court changed the permanent plan from reunification to adoption.
On 19 September 2008, DSS filed a petition to terminate respondent's parental rights. The case was heard on 9 February and 13 February 2009. The trial court concluded that grounds existed to terminate respondent's parental rights pursuant to North Carolina General Statutes, sections 7B-1111(a)(1) and (2). On 9 April 2009, the trial court entered an order terminating respondent's parental rights. Respondent appeals.
Respondent raises the following issues on appeal: (1) whether the trial court erred in concluding that grounds existed to terminate her parental rights; (2) whether the trial court erred in determining that termination of her rights was in the best interests of the children; and (3) whether the trial court erred in failing to bifurcate the adjudication and dispositional phases of the hearing.
Respondent first contends that the trial court's finding that she willfully left the children in foster care for a period of twelve months was not supported by clear, cogent, and convincing evidence. Thus, respondent argues that the conclusion that grounds for termination exist pursuant to North Carolina General Statutes, section 7B-1111(a)(2) was not supported by the findings of fact. We disagree.
The standard of appellate review is whether the trial court's findings of fact are supported by clear, cogent, and convincing evidence and whether the findings of fact support the conclusions of law. In re Huff, 140 N.C. App. 288, 291, 536 S.E.2d 838, 840 (2000), appeal dismissed and disc. rev. denied, 353 N.C. 374, 547 S.E.2d 9 (2001). Findings of fact supported by competent evidence are binding on appeal, even where there is evidence which supports contrary findings. In re Mills, 152 N.C. App. 1, 6, 567 S.E.2d 166, 169 (2002), cert. denied, 356 N.C. 672, 577 S.E.2d 627 (2003).
North Carolina General Statutes, section 7B-1111 sets forth the grounds for terminating parental rights. It provides, in relevant part:
(a) The court may terminate the parental rights upon a finding of one or more of the following:
(1) The parent has abused or neglected the juvenile. The juvenile shall be deemed to be abused or neglected if the court finds the juvenile to be an abused juvenile within the meaning of G.S. 7B-101 or a neglected juvenile within the meaning of G.S. 7B-101.
(2) The parent has willfully left the juvenile in foster care or placement outside the home for more than 12 months without showing to the satisfaction of the court that reasonable progress under the circumstances has been made in correcting those conditions which led to the removal of the juvenile. . . .
N.C. Gen. Stat. § 7B-1111 (2007). A finding of any one of the enumerated grounds is sufficient to support a termination. In re Taylor, 97 N.C. App. 57, 64, 387 S.E.2d 230, 233-34 (1990).
In the case sub judice, it is undisputed that the children were left in placement outside the home for more than twelve months.
However, to sustain the trial court's finding that grounds existed for termination of parental rights under G.S. § 7B-1111(a)(2), we must also determine that there was clear, cogent, and convincing evidence that (1) respondents "willfully" left the juvenile in foster care for more than twelve months, and (2) that each respondent had failed to make "reasonable progress" in correcting the conditions that led to the juvenile's removal from the home.
In re Baker, 158 N.C. App. 491, 494, 581 S.E.2d 144, 146 (2003) (citing In re Bishop, 92 N.C. App. 662, 667, 375 S.E.2d 676, 680 (1989)).
"Willfulness is established when the respondent had the ability to show reasonable progress, but was unwilling to make the effort." In re McMillon, 143 N.C. App. 402, 410, 546 S.E.2d 169, 175, disc. rev. denied, 354 N.C. 218, 554 S.E.2d 341 (2001) (citations omitted). "A finding of willfulness is not precluded even if the respondent has made some efforts to regain custody of the children." In re Nolen, 117 N.C. App. 693, 699, 453 S.E.2d 220, 224 (1995) (citing In re Becker, 111 N.C. App. 85, 95, 431 S.E.2d 820, 82627 (1993)). This Court previously has held "that a finding of willfulness under G.S. 7A-289.32(3) [now N.C. Gen. Stat. § 7B-1111(a)(2)] does not require a showing of fault on the part of the parent. Willfulness may be found where the parent, recognizing her inability to care for the child, voluntarily leaves the child in foster care." In re Bishop, 92 N.C. App. 662, 669, 375 S.E.2d 676, 681 (1989).
Here, the evidence tended to show that for a period of time, until approximately July 2008, respondent completed most of what was required, and she maintained housing and employment through the end of December 2008. However, there remained concerns regarding respondent's ability to demonstrate the skills she was taught. The DSS social worker testified that during respondent's visitation with the children, the children would be on one side of the room and respondent on the other side and that the children did not listen to respondent when she tried to read to them. The social worker further testified about a visit that ended early because respondent was disciplining the children inappropriately. Although respondent completed the court-ordered recommendations, she did not apply anything she learned from her parenting classes. Similarly, the GAL testified that she saw no change in respondent's behavior and that respondent continued to deny that she had any problems with her parenting skills or required any help from the staff at DSS.
Moreover, respondent admitted that she still used drugs, that her drug use contributed to her lack of patience with the children, and that it led to her disciplining the children inappropriately. In fact, respondent appeared lethargic and was slow in answering questions at the hearing. She admitted that she had used drugs the day before the hearing. The trial court continued the hearing to allow respondent some time to get herself in a better condition to testify. Although respondent complied procedurally with the court-ordered recommendations, the evidence clearly shows that respondent failed to demonstrate any progress. Therefore, we conclude that clear, cogent, and convincing evidence supports the findings of fact and that the findings of fact support the trial court's conclusion that grounds existed to terminate respondent's parental rights pursuant to North Carolina General Statutes, section 7B-1111(a)(2). Having concluded that one ground for termination of parental rights exists, we do not address the additional ground found by the trial court. In re Brim, 139 N.C. App. 733, 743, 535 S.E.2d 367, 373 (2000).
Respondent also argues that the trial court erred in determining that termination of her parental rights was in the best interests of the children. We disagree.
"We review the trial court's decision to terminate parental rights for abuse of discretion." In re Anderson, 151 N.C. App. 94, 98, 564 S.E.2d 599, 602 (2002) (citing In re Mitchell, 148 N.C. App. 483, 490, 559 S.E.2d 237, 242, rev'd on other grounds, 356 N.C. 288, 570 S.E.2d 212 (2002)). The trial court's decision to terminate parental rights is subject to reversal only when it is "manifestly unsupported by reason." Clark v. Clark, 301 N.C. 123, 129, 271 S.E.2d 58, 63 (1980) (citation omitted).
Once the trial court has determined that a ground for termination exists, the court moves to the disposition stage, when it must determine whether termination is in the best interest of the child. N.C. Gen. Stat. § 7B-1110(a) (2007). The determination as to whether termination is in the best interests of the minor child is governed by North Carolina General Statutes, section 7B-1110(a), which provides that the trial court shall consider the following factors:
(1) The age of the juvenile.
(2) The likelihood of adoption of the juvenile.
(3) Whether the termination of parental rights will aid in the accomplishment of the permanent plan for the juvenile.
(4) The bond between the juvenile and the parent.
(5) The quality of the relationship between the juvenile and the proposed adoptive parent, guardian, custodian, or other permanent placement.
(6) Any relevant consideration.
N.C. Gen. Stat. § 7B-1110(a) (2007).
We hold that the trial court properly considered the statutory factors and came to a decision based on its findings. Because grounds for termination exist, the trial court did not abuse its discretion in determining that the best interests of the children are served by terminating respondent's parental rights. See, e.g., In re Nolen, 117 N.C. App. at 700, 453 S.E.2d at 225; In re Becker, 111 N.C. App. 85, 97, 431 S.E.2d 820, 828 (1993).
Finally, respondent argues that the trial court erred in failing to bifurcate the adjudication and dispositional phases of the termination hearing. We disagree.
The statutes contain no requirement that the two stages in a termination of parental rights proceeding be conducted at two separate hearings, so long as the court applies the appropriate evidentiary standards at each of the two stages. In re Shepard, 162 N.C. App. 215, 221, 591 S.E.2d 1, 6, disc. rev. denied, In re D.S., 358 N.C. 543, 599 S.E.2d 42 (2004).
Moreover, since a proceeding to terminate parental rights is heard by the judge, sitting without a jury, it is presumed, in the absence of some affirmative indication to the contrary, that the judge, having knowledge of the law, is able to consider the evidence in light of the applicable legal standard and to determine whether grounds for termination exist before proceeding to consider evidence relevant only to the dispositional stage.
In re White, 81 N.C. App. 82, 85, 344 S.E.2d 36, 38, disc. rev. denied, 318 N.C. 283, 347 S.E.2d 470 (1986) (citation omitted).
Here, respondent has not demonstrated that the trial court failed to apply the appropriate evidentiary standards. As the minors' GAL points out in her brief, even if the unsubstantiated claim of abuse had been considered during the adjudication phase, it is relevant to North Carolina General Statutes, section 7B-1111(a)(1), rather than to section 7B-1111(a)(2), the section upon which the trial court relied for its conclusions. Accordingly, this assignment of error is overruled.
For these reasons, the order of the trial court is affirmed.
Affirmed.
Judges HUNTER, Robert C. and BRYANT concur.
Report per Rule 30(e).