An unpublished opinion of the North Carolina Court of Appeals does not constitute controlling legal authority. Citation is disfavored, but may be permitted in accordance with the provisions of Rule 30(e)(3) of the North Carolina Rules of Appellate Procedure.

NO. COA13-539

NORTH CAROLINA COURT OF APPEALS

Filed: 6 May 2014

IN THE MATTER OF:                    Orange County
                                     No. 12 JB 99
J.L.

Appeal by juvenile from adjudication order entered 19 December 2012 by Judge Joseph Buckner and disposition order entered 17 January 2013 by Judge James T. Bryan, III in Orange County District Court. Heard in the Court of Appeals 10 October 2013.

> *Roy Cooper, Attorney General, by Karissa J. Davan, Assistant Attorney General, for the State.*

> *Staples Hughes, Appellate Defender, by David W. Andrews, Assistant Appellate Defender, for juvenile-appellant.*

DAVIS, Judge.

J.L. ("Janet"),[1] a juvenile, appeals from (1) an order adjudicating her delinquent for committing the offenses of

---

[1] Pseudonyms are used throughout this opinion to protect the privacy of the juvenile and for ease of reading.

communicating threats, disorderly conduct at school, and assault on a government officer; and (2) the dispositional order placing her on probation for 12 months. On appeal, Janet argues that the trial court erred by (1) failing to make written findings of fact in its dispositional order as required by N.C. Gen. Stat. § 7B-2512; (2) imposing conditions of probation that were unrelated to her needs and improperly delegated the authority of the court; and (3) denying defense counsel's motion for a continuance. After careful review, we dismiss her appeal in part, affirm in part, vacate in part, and remand for further proceedings.

**Factual Background**

On 5 October 2012, Jessica Crowley ("Ms. Crowley"), an art teacher at C.W. Stanford Middle School in Hillsborough, observed Janet — a thirteen-year-old female — typing an email containing inappropriate language on a laptop computer during class. Ms. Crowley confiscated the laptop and began walking down the hall towards the school administrator's office. Janet followed Ms. Crowley into the hall, tried to forcibly take the computer from her, and told Ms. Crowley that she was going to "kick [her] in the stomach if [she] didn't let go." At the time of this incident, Ms. Crowley was a little more than 20 weeks pregnant.

Ms. Crowley released the computer to Janet while another teacher, Shannon Dixon ("Ms. Dixon"), followed Janet down the hallway.

Ms. Sheila McDonald ("Ms. McDonald"), the school administrator, saw Janet talking to Ms. Dixon in the hallway. Janet refused to give the laptop to Ms. McDonald and told her to "keep away from [me], don't touch [me]." Ms. McDonald ordered Janet to go speak with Andrew Wagoner ("Mr. Wagoner"), the discipline coordinator for the school. Mr. Wagoner was able to convince Janet to turn over the laptop and write a statement about what happened. Deputy Christy Faircloth ("Deputy Faircloth"), the school resource officer, entered the room. Deputy Faircloth received a call over her radio from the school principal, Anne Purcell, informing Deputy Faircloth that Ms. Crowley was in her office and wished to speak with Deputy Faircloth about possibly pressing charges. Janet overheard this discussion about possible charges against her on Deputy Faircloth's radio. At that point, Janet became upset, walked out of the room, and left the school building. When Ms. McDonald refused to allow her to re-enter the building, Janet picked up a handful of rocks and threw them at Ms. McDonald's face and neck.

Deputy Faircloth then restrained Janet with handcuffs and escorted her back inside the school building. Janet struggled to get free and "raked" her teeth across Deputy Faircloth's right forearm. She was placed in a school conference room where she pulled items out of cabinets, threw objects, pulled a phone cord out of the wall, and attempted to stick her finger into an electrical socket. Deputy Faircloth subsequently filed a petition to have Janet involuntarily committed. Juvenile petitions were filed charging Janet with communicating threats, disorderly conduct at school, and three counts of assault on a government officer.

The matter was originally calendared for hearing on 21 November 2012 in Orange County District Court. On that date, both parties consented to a continuance until 19 December 2012. At the 19 December hearing, Janet's newly retained attorney moved for a second continuance, arguing that she had not had an adequate opportunity to obtain certain discovery and medical records and that going forward with the hearing would deprive Janet of the effective assistance of counsel. The motion was denied, and the hearing on adjudication took place that day.

At the adjudicatory hearing, Chief District Court Judge Buckner adjudicated Janet delinquent with respect to each charge

and calendared the dispositional hearing for 16 January 2013. Judge Bryan presided over Janet's 16 January dispositional hearing and placed her on probation for 12 months. As part of the conditions of her probation, Judge Bryan ordered Janet to complete 12 months of psychiatric medication management support, cooperate with routine psychiatric check-ups, perform 35 hours of community service, participate in the Victim-Offender Reconciliation program, abide by a curfew, not possess any alcohol or controlled substances, and not associate with persons or be in places specified by the court counselor. Janet filed a timely notice of appeal to this Court.

## Analysis

### I. Mootness

As an initial matter, we must address whether this Court is able to provide Janet with any meaningful relief, given that her 12-month probationary period has expired. "As a general proposition, a pending appeal from a particular judgment or order which has been fully effectuated is moot because a subsequent appellate decision 'cannot have any practical effect on the existing controversy.'" *In re J.L.H.*, ___ N.C. App. ___, ___, 750 S.E.2d 197, 200 (2013) (quoting *In re A.K.*, 360 N.C. 449, 452, 628 S.E.2d 753, 755 (2006)). However, "if collateral

legal consequences of an adverse nature can reasonably be expected to result therefrom, then the issue is not moot and the appeal has continued legal significance." *In re Hatley*, 291 N.C. 693, 694, 231 S.E.2d 633, 634 (1977).

Here, Janet concedes that her second argument on appeal is moot as it involves the conditions of her probationary term, which has already expired. Specifically, that issue stemmed from her contention that the trial court erred by (1) imposing conditions of her probation that were not related to her needs; and (2) improperly delegating its authority to the Department of Juvenile Justice and to a psychologist. Therefore, we dismiss that portion of her appeal on mootness grounds.

However, Janet contends that her first and third arguments on appeal — that the trial court erred by (1) entering a dispositional order without making sufficient written findings of fact; and (2) denying her motion for a continuance of the adjudication hearing — are not moot. She asserts that the dispositional order, unless vacated, is likely to result in adverse legal consequences to her because it could affect the outcome of a subsequent petition filed against her on 20 December 2013 alleging that she committed the offense of simple assault. We agree.

When a district court enters a dispositional order in a juvenile delinquency proceeding, it must determine the juvenile's delinquency history level. N.C. Gen. Stat. § 7B-2508 (2013). A juvenile's delinquency history level is calculated based on the number and type of the juvenile's prior adjudications. N.C. Gen. Stat. § 7B-2507 (2013). However, the juvenile will also receive a higher delinquency history level if the juvenile was on probation when she committed the offense for which she was adjudicated delinquent. N.C. Gen. Stat. § 7B-2507(b)(4) (2013).

Janet faces a more severe disposition regarding the 20 December 2013 petition because she purportedly committed this offense while subject to the probationary term outlined in the original dispositional order at issue in this appeal. Accordingly, if the dispositional order in this case remains in effect, it will likely have a direct adverse impact on Janet because she will be subject to a higher disposition level, which could result in more severe dispositional alternatives. N.C. Gen. Stat. § 7B-2508. Therefore, we conclude that the issues raised in Janet's first and third arguments on appeal are not moot. *See J.L.H.*, ___ N.C. App. at ___, 750 S.E.2d at 201 (holding that juvenile's argument challenging extension of his

commitment was not moot although he had already been released because "a decision by this Court to the effect that [his] period of commitment had been improperly extended would, in actuality, have a practical impact on [his] life").

## II. Dispositional Order

Janet's first argument on appeal is that the trial court erred by failing to make sufficient written findings to support its dispositional order. We agree.

Pursuant to N.C. Gen. Stat. § 7B-2512, "[t]he dispositional order shall be in writing and shall contain appropriate findings of fact and conclusions of law." When selecting a permissible disposition in a juvenile proceeding that will "protect the public" and "meet the needs and best interests of the juvenile," a trial court must consider the following factors:

> (1) The seriousness of the offense;
>
> (2) The need to hold the juvenile accountable;
>
> (3) The importance of protecting the public safety;
>
> (4) The degree of culpability indicated by the circumstances of the particular case; and
>
> (5) The rehabilitative and treatment needs of the juvenile indicated by a risk and needs assessment.

N.C. Gen. Stat. § 7B-2501(c)(1)-(5) (2013).

In recognition of these statutory provisions, we have held that a court is required to make findings of fact in the juvenile's written dispositional order "demonstrating that it considered the N.C.G.S. § 7B-2501(c) factors . . . ." *In re J.J.*, 216 N.C. App. 366, 375, 717 S.E.2d 59, 65 (2011) (citation and quotation marks omitted).

Where a trial court has failed to make these requisite findings, we are required to vacate the dispositional order and remand "for entry of the statutorily mandated written findings of fact in the juvenile's . . . dispositional order[]." *Id*. at 376, 717 S.E.2d at 66. On remand, "the trial court retains the discretion to take additional evidence if the need arises in making the requisite findings of fact . . . ." *Id*. at 376-77, 717 S.E.2d at 66.

Here, the trial court failed to make the statutorily required findings. The trial court used a pre-printed form labeled "Juvenile Level 1 Disposition Order (Delinquent)," on which the trial court checked boxes indicating that it had considered a predisposition report, risk assessment, and needs assessment. The trial court did not address the § 7B-2501(c) factors in the portion of the form instructing the court to

"[s]tate any findings regarding the seriousness of the offense(s); the need to hold the juvenile accountable; the importance of protecting the public; the degree of the juvenile's culpability; the juvenile's rehabilitative and treatment needs; and available and appropriate resources."

Instead, the trial court used this portion of the order to note that Janet was also adjudicated delinquent for communicating threats and disorderly conduct.[2] The trial court did not make any written findings concerning (1) the seriousness of the offense; (2) the need to hold Janet accountable; (3) the importance of protecting public safety; (4) the degree of culpability indicated by the circumstances of the case; and (5) Janet's rehabilitative and treatment needs.

As such, we vacate the dispositional order and remand to the trial court so that it may make the requisite findings concerning the § 7B-2501(c) factors. *See In re V.M.*, 211 N.C. App. 389, 392, 712 S.E.2d 213, 215-16 (2011) (reversing and remanding dispositional order where trial court used pre-printed form order and checked boxes on form indicating evidence considered in juvenile's disposition but did not make any

---

[2] The three counts of assault on a government officer were listed as "the most serious offense[s] before the Court today, which provide the basis for disposition."

findings of fact indicating it had considered required statutory factors).

## III. Motion for Continuance

Janet's final argument on appeal is that the trial court's denial of her trial counsel's motion for a continuance deprived her of effective assistance of counsel.  Generally, "[a] motion to continue is addressed to the court's sound discretion and will not be disturbed on appeal in the absence of abuse of discretion."  *In re C.L.*, ___ N.C. App. ___, ___, 719 S.E.2d 132, 136 (2011) (citation and quotation marks omitted). "However, when a motion to continue raises a constitutional issue . . . the trial court's ruling is fully reviewable by an examination of the particular circumstances of each case." *State v. Rogers*, 352 N.C. 119, 124, 529 S.E.2d 671, 675 (2000) (citation and quotation marks omitted); *see also State v. McFadden*, 292 N.C. 609, 616, 234 S.E.2d 742, 747 (1977) (holding that trial court's denial of defendant's motion for continuance deprived defendant of constitutional right to obtain counsel of his choice).  "[T]he denial of a motion to continue, whether a constitutional issue is raised or not, is sufficient grounds for the granting of a new trial only when the defendant is able to show that the denial was erroneous and that he suffered

prejudice as a result of the error." *Rogers*, 352 N.C. at 124, 529 S.E.2d at 675.

Pursuant to N.C. Gen. Stat. § 7B-2406,

> [t]he court for good cause may continue the [adjudicatory] hearing for as long as is reasonably required to receive additional evidence, reports, or assessments that the court has requested, or other information needed in the best interests of the juvenile and to allow for a reasonable time for the parties to conduct expeditious discovery. Otherwise, continuances shall be granted only in extraordinary circumstances when necessary for the proper administration of justice or in the best interests of the juvenile.

N.C. Gen. Stat. § 7B-2406 (2013).

Here, Janet's case was first calendared for hearing on 21 November 2012. Janet was represented by an Orange County Assistant Public Defender, and it appears from the record that both parties consented to a continuance on this date because Janet had not yet spoken to her attorney. On 14 December 2012, Janet retained new counsel, and her case came on for hearing on 19 December 2012. Janet's new counsel then moved for another continuance, arguing that she (1) had not had the opportunity to fully investigate the case; (2) was waiting on Janet's medical records; (3) had a duty to look further into potential mental health defenses; and (4) believed that proceeding with the trial

at that time would deprive Janet of the effective assistance of counsel.

The trial court denied counsel's motion to continue the adjudicatory hearing but continued the disposition hearing until 16 January 2013. Janet's counsel was also permitted to make an offer of proof in which she stated that had her motion for a continuance been granted, she would have (1) obtained and examined Janet's involuntary commitment paperwork and records as well as the video recording her transportation to UNC Hospital; and (2) spoken with other witnesses who observed her behavior during the subject incident.

"The right to effective assistance of counsel includes, as a matter of law, the right of client and counsel to have adequate time to prepare a defense." *In re Bishop*, 92 N.C. App. 662, 666, 375 S.E.2d 676, 679 (1989). "Unlike claims of ineffective assistance of counsel based on defective performance of counsel, prejudice is presumed in cases where the trial court fails to grant a continuance which is essential to allowing adequate time for trial preparation." *Id*. (citation and quotation marks omitted.) However, "[w]here the lack of preparation for trial is due to a party's own actions, the trial court does not err in denying a motion to continue." *Id*.

In the present case, when trial counsel moved for a continuance on 19 December 2012, the prosecutor stated,

> This case was originally set on November 21st, and at that time, Mr. Mack [the assistant public defender] and I had a proposed disposition worked out. The juvenile, at that time, said that she did not want to go forward with Mr. Mack, and that, she wanted to hire private counsel; that was November 21st. And so, the Court, at that time, informed the juvenile that she would need to make arrangements and be – need to be ready to go forward today.

Thus, Janet had voiced her decision to retain counsel at her first court appearance but waited over three weeks (and until five days before her next hearing date) to actually hire a new attorney. As such, Janet was at least partially responsible for the fact that her counsel was not fully prepared for the 19 December 2012 adjudicatory hearing.

Moreover, Janet has not adequately demonstrated that the denial of a continuance resulted in her inability to adequately prepare for trial. Janet's prior counsel had approximately a month to prepare her case, and Janet offered no explanation as to why the results of that preparation would not have been available to her newly retained counsel. Furthermore, our review of the transcript reveals that Janet's new counsel effectively cross-examined witnesses, demonstrated familiarity

with the facts of the case, and made a competent closing argument. Therefore, Janet has failed to establish that she was actually prejudiced by the denial of the motion for a continuance.

As such, we cannot say that the trial court committed reversible error in denying Janet's motion for a continuance. Therefore, this argument is overruled.

## Conclusion

For the reasons stated above, we conclude that (1) Janet's arguments relating to the conditions of her probation are dismissed as moot; (2) the trial court's dispositional order is hereby vacated and this case is remanded for the entry of a new dispositional order containing the statutorily required findings; and (3) the trial court did not commit reversible error in denying Janet's motion for a continuance.

DISMISSED IN PART; AFFIRMED IN PART; VACATED AND REMANDED IN PART.

Judges HUNTER, JR. and ERVIN concur.

Report per Rule 30(e).