IN THE MATTER OF KENNETH RAY LAIL, JUVENILE

No. 8125DC523

(Filed 15 December 1981)

1. **Criminal Law § 154.1— recorded hearings—unrecorded remarks—no prejudice**
    Defendant failed to show prejudice where his juvenile proceeding was recorded pursuant to G.S. 7A-636 and several remarks were inaudible as he did not explain why he did not invoke the procedure provided by App. R. 11 for establishing the content of the unrecorded remarks, did not argue such procedure was inadequate, and did not argue any error in the unrecorded remarks.

2. **Criminal Law § 91.7— absence of witness—no continuance**
    The trial court did not err in denying defendant a continuance when one of his subpoenaed witnesses failed to appear as he failed to support his motion with an affidavit indicating the facts to be proved by the witness. G.S. 7A-632.

3. **Infants § 20— dispositional hearing—denial of opportunity to present evidence**
    The trial court erred when it denied the juvenile defendant an opportunity, upon request, to have a dispositional hearing and to present evidence at that hearing. G.S. 7A-639, 7A-640 and 7A-652.

APPEAL by respondent from *Martin (Bill J.), Judge.* Judgment entered 18 November 1980 in District Court, CATAWBA County. Heard in the Court of Appeals 11 November 1981.

This is a juvenile action instituted by a petition charging that the respondent was delinquent in that he had opened a coin-operated machine with intent to steal the property therein. Respondent denied the allegations of the petition. The State relied primarily upon the testimony of Ken Dale. He testified that he lived beside a beauty shop that had a soft drink vending machine in front of it and that during the early morning hours of 23 August 1980 he saw the respondent and Casey Perkins beating on the machine and prying at it with a bar. Dale testified that he

recognized the two by the light given off by the machine and that there was a third person standing in a shadow, whom he could not recognize. Dale called the sheriff and an officer came to the scene. The officer found pry marks on the machine and the machine door open. He went to the residence of Casey Perkins and arrested respondent. Respondent testified that he had been drinking with Casey and others and that he went to sleep when the others left to buy more chasers. He denied having anything to do with breaking into the machine. The trial court found respondent to be delinquent and committed him to the Department of Human Resources, Division of Youth Services for an indefinite period. Respondent appeals.

*Attorney General Edmisten, by Associate Attorney Thomas J. Ziko, for the State.*

*John F. Cutchin for respondent appellant.*

MARTIN (Robert M.), Judge.

[1] G.S. 7A-636 provides that the hearings in juvenile proceedings shall be recorded by stenographic notes or by electronic or mechanical means. The proceedings in the present case were recorded by a tape recorder, but respondent argues that the recording was so inadequate as to deny him effective appellate review. He cites several instances in which the record on appeal indicates either that remarks were inaudible or that no verbal answer was given to a question. Respondent argues that these matters cannot be reconstructed; however, he does not explain why he did not invoke the procedure provided by App. R. 11 for establishing the content of the unrecorded remarks. He does not argue that this procedure is inadequate. Furthermore, respondent does not argue any error in the unrecorded remarks. Respondent has therefore failed to show prejudice and his assignment of error is overruled. *State v. Sanders,* 280 N.C. 67, 185 S.E. 2d 137 (1971); *State v. Tripp,* 52 N.C. App. 244, 278 S.E. 2d 592 (1981).

[2] By his second assignment of error, the respondent argues that the trial court erred by denying him a continuance when one of his subpoenaed witnesses failed to appear. We disagree. G.S. 7A-632 provides, "[t]he judge may continue at any time any case to allow additional factual evidence, social information or other information needed in the best interest of the juvenile or in the in-

terest of justice." Still, the grounds for a motion for a continuance must be fully established. When the motion is based upon the absence of a witness, the motion should be supported by an affidavit indicating the facts to be proved by the witness. *State v. Rigsbee*, 285 N.C. 708, 208 S.E. 2d 656 (1974); *State v. Mitchell*, 27 N.C. App. 313, 219 S.E. 2d 295 (1975), *disc. review denied*, 289 N.C. 301, 222 S.E. 2d 701 (1976). Respondent failed to support his motion in the present case, and we find no error in the trial court's ruling.

Respondent next presents several arguments with respect to various evidentiary rulings by the trial court. We have examined each of the arguments with care, and we find no prejudicial error in any of them. Respondent also argues that the evidence was insufficient to support an adjudication of delinquency; however, we again disagree. The observations of Ken Dale and of the officer who examined the vending machine were sufficient to avoid dismissal. Although respondent's attorney challenged the credibility of Dale's identification testimony during cross-examination, his examination went only to the weight to be afforded the testimony, not its sufficiency.

[3] Respondent's final argument does have merit. Immediately after announcing the finding of delinquency, the trial judge proceeded to announce his disposition. When respondent's attorney attempted to speak on disposition, the trial judge cut him off by stating, "[t]he court has made its decision." The North Carolina Juvenile Code provides:

§ 7A-639. Predisposition investigation and report.

The judge shall proceed to the dispositional hearing upon receipt of sufficient social, medical, psychiatric, psychological, and educational information. . . .

§ 7A-640. Dispositional hearing.

The dispositional hearing may be informal, and the judge may consider written reports or other evidence concerning the needs of the juvenile. The juvenile and his parent, guardian, or custodian shall have an opportunity to present evidence, and *they may advise the judge concerning the disposition they believe to be in the best interest of the juvenile.* . . .

In re Lail

. . ..

§ 7A-652. Commitment of delinquent juvenile to Division of Youth Services.

(a) A delinquent juvenile 10 years of age or more may be committed to the Division of Youth Services for placement in one of the residential facilities operated by the Division if the judge finds that the alternatives to commitment as contained in G.S. 7A-649 have been attempted unsuccessfully or are inappropriate and that the juvenile's behavior constitutes a threat to persons or property in the community.

"[T]he dispositional hearing *must* be continued for the respondent to present evidence when he requests such a continuance." *In re Vinson*, 298 N.C. 640, 662, 260 S.E. 2d 591, 605 (1979). "[T]he essential element in the commitment order is not that it recites detailed findings beyond . . . the two tests enumerated in new G.S. 7A-652, but that those enumerated findings are supported by *some evidence in the record of the dispositional hearing." Id.* at 672, 260 S.E. 2d at 610. Respondent argues that the judge in this case held no dispositional hearing, that the judge denied him the opportunity to present evidence as to disposition and that there was no evidence to support the findings made by the judge with respect to disposition. We agree. Although we affirm the adjudication order of 18 November 1980, we reverse the commitment order of the same date and remand to the District Court so that it may conduct a dispositional hearing.

Affirmed in part; reversed and remanded in part.

Judges WEBB and WELLS concur.