IN RE: CURTIS BROWN NOLEN, Born December 23, 1985; CAROLYN BRANDI NOLEN, Born August 4, 1987

No. 9417DC93

(Filed 7 February 1995)

**1. Parent and Child § 122 (NCI4th)— termination of parental rights—testimony of children in chambers not recorded—no showing of prejudice**

There was no showing of prejudice in a termination of parental rights hearing where the court allowed the children to testify in chambers with all counsel present but the proceedings in chambers were not recorded. A violation of N.C.G.S. § 7A-198, which deals with recording civil trials, is not enough; respondent must show that the error was prejudicial.

**Am Jur 2d, Parent and Child §§ 7, 11.**

**2. Evidence and Witnesses § 2747 (NCI4th)— termination of parental rights—child witnesses—testimony without oath**

There was no prejudice in a termination of parental rights proceeding by allowing the children to testify without being sworn where respondent did not object to the error when given the opportunity to do so in the courtroom after the children testified. A defendant may not argue on appeal that the trial court erred in allowing a witness to testify without being sworn where the defendant did not object at trial.

**Am Jur 2d, Appeal and Error §§ 545 et seq.; Witnesses §§ 413 et seq.**

**3. Evidence and Witnesses § 758 (NCI4th)— termination of parental rights—psychologist—opinion as to child's veracity—admitted elsewhere**

There was no prejudice in a termination of parental rights proceeding where the psychologist of one of the children was allowed to answer, over objection, a question as to whether he felt that what the child told him was the way he truly felt and believed, but the immediately preceding questions had been whether he felt the child had been open and honest with him and whether there was anything to lead him to believe the child had been coached, both of which he answered. The admission of testimony over objection is ordinarily harmless error when testi-

mony of the same import has previously been admitted without objection.

**Am Jur 2d, Appeal and Error § 806.**

**4. Parent and Child § 104 (NCI4th)— termination of parental rights—willfully leaving child in foster care; evidence sufficient**

The evidence in a termination of parental rights case supported the trial court's findings of fact and conclusions of law as to N.C.G.S. § 7A-289.32(3) where DSS was first granted custody of the children on 7 August 1989, when respondent was arrested for drunk driving with the children in the car; respondent stated that she had drunk beer that night because she and her live-in boyfriend had had a fight and her boyfriend physically abused her every day; the children were returned to the physical custody of respondent at the five day hearing but she had to leave them with her mother in December because she was incarcerated for a controlled substance offense; respondent's mother subsequently turned them over to DSS; respondent entered into several service agreements with DSS in which she agreed to enroll in and complete the STEP ONE program, attend substance abuse counselling, attend AA meetings regularly and provide verification of her attendance, attend parenting classes and abstain from the use of alcohol; she did not enroll in and complete the STEP ONE program, attended substance abuse counselling only sporadically, did not attend AA meetings regularly and did not provide verification of her attendance, did not complete parenting classes, and did not abstain from the use of alcohol; respondent failed to keep DSS informed of where she was living so that DSS could contact her about the children; she showed up for visits with the children smelling of alcohol and appearing intoxicated; numerous police officers have responded to disturbance calls at respondent's residence; one officer who had answered between thirty and thirty-five calls at the residence testified that respondent appeared intoxicated on every occasion; the officer testified that the most recent incident was four days before the hearing, when the officer noted that the first room of the house was extremely dirty and in disarray and that there were beer bottles in the front yard; respondent told the officer that she had been assaulted and that she wanted to leave; respondent's medical records reveal a history of alcoholism and alcohol-related injuries; and respondent admitted that the children were often neglected when she was

**IN RE NOLEN**

[117 N.C. App. 693 (1995)]

under the influence of alcohol. Willfulness under N.C.G.S. § 7A-289.32(3) is something less than willful abandonment; a finding of willfulness is not precluded even if respondent has made some efforts to regain custody of the children. Here, respondent has had more than three and one-half times the statutory period in which to take steps to improve her situation, but has failed to do so. Extremely limited progress in correcting the conditions is not reasonable progress. Furthermore, respondent has not shown a positive response toward DSS's efforts to help her; implicit in the meaning of positive response is that positive efforts toward improving the situation have obtained or are obtaining positive results.

**Am Jur 2d, Parent and Child § 11.**

**Parent's involuntary confinement, or failure to care for child as result thereof, as evincing neglect, unfitness, or the like in dependency or divestiture proceeding. 79 ALR3d 417.**

**Parent's use of drugs as factor in award of custody of children, visitation rights, or termination of parental rights. 20 ALR5th 534.**

5. **Parent and Child § 97 (NCI4th)— termination of parental rights—grounds for termination—best interests of child— no abuse of discretion**

The trial court did not abuse its discretion by terminating respondent's parental rights where the court had found that one or more of the grounds for termination in N.C.G.S. § 7A-289.32 exists, but respondent argued that it was in the best interests of the children to dismiss the petition.

**Am Jur 2d, Parent and Child § 11.**

Appeal by respondent from order filed 3 September 1993 by Judge Jerry Cash Martin in Stokes County District Court. Heard in the Court of Appeals 17 October 1994.

*J. Tyrone Browder, P.A., by John L. McGrath, for petitioner-appellee Stokes County Department of Social Services.*

*Jill R. Howard, Guardian ad Litem for the minor children.*

*Jeffrey S. Lisson for respondent-appellant Tanya K. Joyce.*

LEWIS, Judge.

Petitioner commenced this action to terminate the parental rights of respondent Tanya K. Joyce in her two minor children, Curtis Brown Nolen and Carolyn Brandi Nolen. The trial court ordered that respondent's parental rights be terminated, and respondent appeals.

[1] Respondent's first argument on appeal is that the trial court erred in allowing the two children to testify without being sworn and without a record made of their testimony. At the hearing, the children, then ages five and seven, were unwilling to take the witness stand. The judge then allowed the children to testify in chambers with all counsel present. The proceedings in chambers were not recorded. After the children testified, recording of the hearing resumed. At the request of respondent, the court summarized for the record the children's testimony.

N.C.G.S. § 7A-289.30(a) (1989) states that the reporting of the hearing on termination "shall be as provided by G.S. 7A-198 for reporting civil trials." Respondent argues that because the children's testimony was not recorded, respondent must receive a new hearing. However, showing a violation of section 7A-198 is not enough; respondent must also show that the error was prejudicial. *Miller v. Miller*, 92 N.C. App. 351, 354, 374 S.E.2d 467, 469 (1988). Because respondent does not argue any error in the unrecorded testimony itself, respondent has failed to show prejudice. *In re Lail*, 55 N.C. App. 238, 239, 284 S.E.2d 731, 732 (1981).

[2] Respondent next argues that it was reversible error to allow the children to testify without being sworn. However, respondent did not object to this error when given the opportunity to do so in the courtroom after the children testified. In *State v. Robinson*, 310 N.C. 530, 540, 313 S.E.2d 571, 578 (1984), our Supreme Court held that a defendant may not argue on appeal that the trial court erred in allowing a witness to testify without being sworn, where the defendant did not object at trial. The Court noted that a timely objection would have allowed the trial judge to correct the oversight by putting the witness under oath and allowing him to redeliver his testimony. *Id.* We believe that this rule applies with equal force in the case at hand. Accordingly, respondent's assignment of error on this issue is overruled.

[3] Respondent's next contention is that the trial court erred in allowing Dr. Michael McCullough, a psychologist who provided counselling services to Carolyn Brandi Nolen, to testify as to her veracity. Dr.

McCullough was allowed, over objection, to answer the following question: "So do you feel that what she told you was the way she truly believed and felt?" Respondent contends that Dr. McCullough's answer to the question amounted to an expression of opinion as to Brandi's veracity. However, immediately preceding the above question, Dr. McCullough was asked, "From your background and experience with working with so many children, do you believe that Brandi has been open and honest with you particularly in the last two sessions?" He responded, "Yes." He was then asked, "Was there anything about her behavior during these last two sessions that led you to believe that she had been coached in any way to say one thing or the other?" Dr. McCullough responded, "No."

The admission of testimony over objection is ordinarily harmless error when testimony of the same import has previously been admitted without objection or is thereafter introduced without objection. *In re McDonald*, 72 N.C. App. 234, 237, 324 S.E.2d 847, 849 (1984), *disc. review denied*, 314 N.C. 115, 332 S.E.2d 490 (1985). The above colloquy shows that testimony of the same import as that objected to had been admitted without objection just before the testimony in question. Accordingly, even if the testimony objected to was erroneously admitted, any error was harmless.

**[4]** Respondent's next argument is that there was insufficient evidence to support a termination of her parental rights under N.C.G.S. § 7A-289.32(3) and (4), the two grounds upon which the trial court based its decision. Section 7A-289.32(3) provides that the court may terminate parental rights upon a finding that

[t]he parent has willfully left the child in foster care for more than 12 months without showing to the satisfaction of the court that reasonable progress under the circumstances has been made within 12 months in correcting those conditions which led to the removal of the child or without showing positive response within 12 months to the diligent efforts of a county Department of Social Services, a child-caring institution or licensed child-placing agency to encourage the parent to strengthen the parental relationship to the child or to make and follow through with constructive planning for the future of the child. Provided, however, that no parental rights shall be terminated for the sole reason that the parents are unable to care for the child on account of their poverty.

§ 7A-289.32(3) (Cum. Supp. 1994). The burden was on petitioner to prove the facts justifying termination by clear and convincing evidence. § 7A-289.32(3a); *In re Bishop,* 92 N.C. App. 662, 667, 375 S.E.2d 676, 680 (1989).

The Stokes County Department of Social Services (hereinafter "DSS") was first granted custody of the children on 7 August 1989. On that date, respondent had been arrested for drunk driving. The children, then ages two and three, had been in the car with respondent. The arrest was respondent's second for DWI. Respondent stated that she had drunk the beer on 7 August because she and her live-in boyfriend had had a fight. Respondent further admitted that her boyfriend physically abused her every day.

At the five day hearing, the children were returned to the physical custody of respondent. In December 1989, respondent had to leave the children with her mother because she was incarcerated for a controlled substance offense. Respondent's mother subsequently turned the children over to DSS, as she was unable to care for them. On 29 December 1989, DSS took physical custody of the children and has had custody since that date.

Respondent has entered several service agreements with DSS since the children were removed. In them, respondent agreed to enroll in and complete the STEP ONE program, to attend substance abuse counselling, to attend AA meetings regularly and provide verification of her attendance, to attend parenting classes, and to abstain from the use of alcohol. Respondent did not enroll in and complete the STEP ONE program; she attended substance abuse counselling only sporadically; she did not attend AA meetings regularly and did not provide verification of her attendance; she did not complete parenting classes; and she did not abstain from the use of alcohol. Respondent also failed to keep DSS informed of where she was living so that DSS could contact her about the children. Respondent showed up for visits with the children smelling of alcohol and appearing intoxicated. Numerous police officers have responded to disturbance calls at respondent's residence. One officer testified that in the two years preceding the hearing, she had answered between thirty and thirty-five calls at the residence and on every occasion, respondent appeared intoxicated. The most recent incident was four days before the final hearing in this matter. On that occasion, the responding officer noted that the first room of the house was extremely dirty and in disarray and that there were beer bottles in the front yard. Respondent told

**IN RE NOLEN**

[117 N.C. App. 693 (1995)]

the officer that she had been assaulted and that she wanted to leave. Further, respondent's medical records reveal a history of alcoholism and alcohol-related injuries. Finally, respondent admitted that when she was under the influence of alcohol, the children were often neglected.

As to the trial court's findings regarding section 7A-289.32(3), respondent concedes that the children were left in foster care for more than twelve months. Respondent contends, however, that she did not "willfully" leave the children in foster care. Respondent argues that her actions cannot be held to be willful, as, despite her transportation problems, she attended "several" AA meetings, went to parenting classes, received substance abuse treatment, and maintained contact with DSS, "though the contact was at times irregular."

In the context of a termination based on willful abandonment, *see* § 7A-289.32(8), this Court has held that the word "willful" connotes purpose and deliberation. *Bishop*, 92 N.C. App. at 668, 375 S.E.2d at 680. Willfulness under section 7A-289.32(3), however, is something less than willful abandonment. *Id.* A finding of willfulness is not precluded even if the respondent has made some efforts to regain custody of the children. *In re Becker*, 111 N.C. App. 85, 95, 431 S.E.2d 820, 826-27 (1993). Willfulness may be found where the parent, recognizing her inability to care for the children, voluntarily leaves the children in foster care. *Bishop*, 92 N.C. App. at 669, 375 S.E.2d at 681. In the present case, respondent has had more than three and one-half times the statutory period of twelve months in which to take steps to improve her situation, yet she has failed to do so. Accordingly, respondent's behavior supports a finding of willfulness.

In addition to finding that the parent has willfully left the children in foster care more than twelve months, under section 7A-289.32(3) the trial court must also find that the parent has failed (1) to make reasonable progress in correcting the conditions which led to the removal of the children; and (2) to show positive response to DSS's diligent efforts to encourage the parent to strengthen the parental relationship to the children or to make and follow through with constructive planning for the future of the children. § 7A-289.32(3); *In re Taylor*, 97 N.C. App. 57, 63-64, 387 S.E.2d 230, 233 (1990). Respondent contends that there was insufficient evidence of both (1) and (2).

It is clear that respondent has not made reasonable progress in correcting the conditions. As illustrated by the facts set out above, respondent's alcoholism and abusive living arrangement have contin-

ued throughout the more than three and one-half years the children have been in foster care with little or no signs of progress. Extremely limited progress is not reasonable progress. *See Bishop*, 92 N.C. App. at 670, 375 S.E.2d at 681. Further, respondent has not shown a "positive response" to DSS's efforts to help her in improving her situation. Implicit in the meaning of positive response is that not only must positive efforts be made towards improving the situation, but that these efforts are obtaining or have obtained positive results. *In re Tate*, 67 N.C. App. 89, 94, 312 S.E.2d 535, 539 (1984). Otherwise, a parent could forestall termination proceedings indefinitely by making sporadic efforts for that purpose. *Id.* It is clear that respondent has not obtained positive results from her sporadic efforts to improve her situation. Accordingly, respondent's argument is without merit.

We therefore hold that the evidence in this case supports the trial court's findings of fact and conclusion of law as to section 7A-289.32(3).

[5] Respondent next contends that the trial court abused its discretion in ordering that her parental rights be terminated. Even though the trial judge has found that one or more of the grounds for termination in section 7A-289.32 exists, he is not required to terminate a parent's rights. *Becker*, 111 N.C. App. at 97, 431 S.E.2d at 828. If the best interests of the children require that the parent's rights not be terminated, the court must dismiss the petition. N.C.G.S. § 7A-289.31(b) (1989). Respondent contends that the trial court abused its discretion in ordering termination, because termination was not in the best interests of the children. Since we conclude that the trial court properly determined that grounds for termination existed under section 7A-289.32(3), we hold that the trial court did not abuse its discretion in finding that it was in the best interests of the children to terminate respondent's parental rights. *See Becker*, 111 N.C. App. at 97, 431 S.E.2d at 828.

Finally, we note that the trial court also found grounds for termination under section 7A-289.32(4), and that respondent assigns error to that finding. However, a finding of any one of the grounds listed in section 7A-289.32 will support an order of termination. *Taylor*, 97 N.C. App. at 64, 387 S.E.2d at 233-34. Because we have held that the trial court's findings and conclusion as to section 7A-289.32(3) were proper, we need not address respondent's arguments regarding section 7A-289.32(4).

For the reasons stated, the order of the trial court is affirmed.

Affirmed.

Chief Judge ARNOLD and Judge COZORT concur.