HUNTER, Judge.
Lonzel Bledsole ("respondent") appeals from an order entered 18 July 2003 terminating his parental rights as to his child, N.A. Bledsole ("N.A."). For the reasons stated herein, we affirm.
On 31 December 1998, N.A., a minor, was removed by Cumberland County Department of Social Services ("DSS") from the home of respondent and N.A.'s mother, Patricia Bledsole ("Patricia"), due to substance abuse and domestic violence by N.A.'s parents. Respondent provided no financial support to N.A. after his removal by DSS, made no efforts to be reunited with his son and made no effort to contact N.A.'s social worker. N.A. was adjudicateddependant on 15 May 1999 and placed in the custody of his paternal grandmother, Vionna Bledsoe ("Vionna"). Respondent was ordered by the trial court to have no contact with N.A. N.A. was removed from Vionna's care in January 2001 because of concerns that Vionna had violated the order that N.A. have no contact with respondent. N.A. was then placed in the custody of his half sister, Rebecca Rodriguez ("Rebecca") and her husband. After N.A.'s removal from Vionna's care, Rebecca continued to allow visitation of him with the paternal family.
DSS petitioned for a termination of both respondent and Patricia's parental rights in August 2000. Patricia relinquished her parental rights in N.A. in favor of adoption by the Rodriguez family. Respondent left North Carolina in March 2001, and was arrested and charged with second degree murder in Missouri. The trial court entered an order on 16 November 2001, while respondent was awaiting trial, finding as a matter of law that grounds existed for termination of respondent's parental rights, but concluding in its discretion that such a termination was not in the child's best interests. The trial court noted in its findings the positive involvement of the paternal family and concerns that a termination would end such involvement.
On 22 April 2002, DSS again petitioned for a termination of respondent's parental rights. In the petition, DSS asserted that the paternal relatives had allowed contact between N.A. and respondent in violation of the court order. The trial court entered an order on 9 July 2003, finding by clear, cogent andconvincing evidence that respondent had left the county, maintained no personal contact with N.A. and made no effort to support the child. The trial court further found that respondent was incarcerated in another state after having pled guilty to a murder charge, and was unsure of a release date. The trial court also took judicial notice of and incorporated the previous orders entered in the case. The trial court concluded as a matter of law that grounds existed for termination of respondent's parental rights and that it was in the best interest of the child that those rights be terminated. Respondent appeals from this order.
Respondent contends that the trial court's failure to address the dispositional findings of fact in the prior 16 November 2001 order denying termination of respondent's parental rights was an abuse of discretion. We disagree.
The trial court must make a two part inquiry in a termination of parental rights. In the first stage, N.C. Gen. Stat. § 7B-1109(e) (2003) requires the trial court, "take evidence, find the facts, and . . . adjudicate the existence or nonexistence of any of the circumstances set forth in G.S. 7B-1111 which authorize the termination of parental rights of the respondent." Id.
Here, the trial court found multiple bases for termination of respondent's rights in the adjudication phase. The trial court found as a matter of law that respondent had neglected the minor child within the meaning of N.C. Gen. Stat. § 7B-101(15), that respondent had willfully left the minor child in foster care for more than twelve months without showing reasonable progress incorrecting conditions that led to the child's removal, and that respondent had willfully abandoned the child for six months prior to the filing of the petition and failed to pay a reasonable portion of cost of care of the child during that time. Respondent does not contest these findings.
Once the trial court determines grounds for termination exist, the case enters the dispositional stage. N.C. Gen. Stat. § 7B-1110(a) (2003) requires that if grounds for termination are found, "the court shall issue an order terminating the parental rights of such parent . . . unless the court shall further determine that the best interests of the juvenile require that the parental rights of the parent not be terminated." Id.
A court's finding of one (1) of the statutory grounds for termination, if supported by competent evidence, will support an order terminating parental rights. The trial court's decision to terminate parental rights, if based upon a finding of one or more of the statutory grounds supported by evidence in the record, is reviewed on an abuse of discretion standard.
In re McMillon, 143 N.C. App. 402, 408, 546 S.E.2d 169, 174 (2001) (citations omitted).
Here, DSS petitioned for a termination of parental rights in April 2002. The evidence presented at the termination hearing showed that respondent was incarcerated after pleading guilty to murder with no known release date, had willfully abandoned the child, and had indicated a willingness to relinquish the child for adoption to his family. Although evidence presented at the hearing showed N.A. had a positive and healthy relationship with othermembers of his paternal family, no evidence of reasonable progress in correction of the conditions which resulted in N.A.'s abandonment by his father was offered by respondent, whose rights are in question. Further, in the interim between the issuance of the November 2001 order and the second petition for termination of respondent's parental rights, respondent's life situation was significantly altered as he pled guilty to the charge of second degree murder and was sentenced to fifteen years in prison. Such new evidence, in conjunction with the trial court's other findings, was sufficient to support the order of termination of respondent's rights from the April 2002 petition.
"[T]here is no requirement at th[e] dispositional stage for the court to make findings of fact upon the issuance of an order to terminate parental rights, such findings and conclusions must be made upon any determination that the best interests of the child require that rights not be terminated." In re Blackburn, 142 N.C. App. 607, 613, 543 S.E.2d 906, 910 (2001). The trial court's failure to make specific findings with regards to the dispositional findings made in the prior 16 November 2001 order is not evidence of abuse of discretion, as the trial court is not bound by such prior findings in the light of additional evidence presented at the 2003 hearing. Upon thorough examination of the record, we therefore hold that the trial court did not abuse its discretion in finding that it was in the best interests of the child to terminate respondent's parental rights, when numerous grounds for terminationhad been adjudicated. See In re Nolen, 117 N.C. App. 693, 700, 453 S.E.2d 220, 225 (1995).
Affirmed.
Judges WYNN and THORNBURG concur.
Report per Rule 30e.