An unpublished opinion of the North Carolina Court of Appeals does not constitute controlling legal authority. Citation is disfavored, but may be permitted in accordance with the provisions of Rule 30(e)(3) of the North Carolina Rules of Appellate Procedure.

NO. COA14-351
NORTH CAROLINA COURT OF APPEALS

Filed: 19 August 2014

IN THE MATTER OF:

W.J.B.                                          Rutherford County
                                                No. 12 JT 007


Appeal by respondent-mother from order entered 10 January 2014 by Judge Laura A. Powell in Rutherford County District Court. Heard in the Court of Appeals 28 July 2014.

> *Merri Burwell Oxley, for Rutherford County Department of Social Services, petitioner-appellee.*
>
> *Parker Poe Adams & Bernstein, LLP, by Andrew A. Bennington, for guardian ad litem.*
>
> *Levine & Stewart, by James E. Tanner, III, for respondent-mother appellant.*


DILLON, Judge.

Respondent-mother appeals from the trial court's order terminating her parental rights to the minor child, Walter.[1] We affirm the trial court's order.

---

[1] A pseudonym.

Rutherford County Department of Social Services ("DSS") became involved with this family in December 2011 when it received a report that Walter, who was eleven years old at the time, had brought a knife to school and talked about killing another child at school. Walter has Lennox-Gastaut syndrome, a severe form of epilepsy, autism, and attention deficit disorder. He has an I.Q. of 44, has difficulty communicating with others, lacks appropriate social skills, and often reacts aggressively or violently toward others.

On 18 December 2011, during DSS's investigation, respondent-mother was arrested for possession of methamphetamine and drug paraphernalia. DSS substantiated the case on 3 January 2012 and Walter was placed in kinship care with his maternal grandparents. The placement was not successful because the grandparents could not manage Walter's behaviors. Walter's father is deceased and no other suitable caregiver was identified. On 10 January 2012, respondent-mother was incarcerated and charged with more criminal offenses. On 17 January 2012, DSS filed a juvenile petition alleging Walter was a neglected and dependent juvenile. On that same date, DSS obtained custody of Walter pursuant to a nonsecure custody order.

The petition came on for hearing on 20 February 2012. The trial court adjudicated Walter neglected and dependent. The trial court ordered respondent-mother to cooperate with developing an Out-of-Home Family Services Agreement, which may include substance abuse assessment and treatment as recommended, random hair and urine drug screens, mental health assessment and treatment as recommended, specialized parenting skills training, and intensive home services for the family.

On 8 May 2012, the trial court conducted the initial 90-day review hearing. At the time of the hearing, respondent-mother had not met with DSS to establish her case plan and had not started any services. By the time of the next review hearing on 25 October 2012, respondent-mother had agreed to have mental health and substance abuse assessments, but had not completed the assessments. Respondent-mother had also agreed to take parenting classes. On 2 January 2013, the trial court conducted a permanency planning hearing. Respondent-mother had started services through Parkway Behavioral, but was last seen on 8 November 2012. Respondent-mother maintained monthly contact with her probation officer, but had not started parenting classes. The trial court concluded that the permanent plan of

reunification with respondent-mother was in Walter's best interest.

After a permanency planning hearing held on 9 April 2013, the trial court ceased reunification efforts, changed the permanent plan to adoption, and ordered DSS to file a petition to terminate respondent-mother's parental rights. On 26 June 2013, DSS filed a petition to terminate respondent-mother's parental rights and alleged the grounds of neglect, willfully leaving the minor child in foster care for more than twelve months without making reasonable progress to correct the conditions which led to removal of the child from the home, willfully failing to pay a reasonable portion of the cost of care for the minor child, and willfully abandoning the minor child. *See* N.C. Gen. Stat. § 7B-1111(a)(1), (2), (3), and (7) (2013).

The trial court conducted a termination of parental rights hearing on 1 November 2013. The trial court found grounds existed to terminate respondent-mother's parental rights pursuant to N.C. Gen. Stat. § 7B-1111(a)(2). The trial court determined that termination of respondent-mother's parental rights was in the best interest of the minor child, and entered an order terminating her rights. Respondent-mother appeals.

_____

Respondent-mother contends the trial court improperly determined that grounds existed to terminate her parental rights pursuant to N.C. Gen. Stat. § 7B-1111(a)(2). Respondent-mother argues evidence that she failed to comply with her case plan is not the same as evidence that she made no progress on the conditions that led to Walter's removal. We are not persuaded and find the trial court properly concluded grounds existed to terminate respondent-mother's parental rights.

"The standard for review in termination of parental rights cases is whether the findings of fact are supported by clear, cogent and convincing evidence and whether these findings, in turn, support the conclusions of law." *In re Clark*, 72 N.C. App. 118, 124, 323 S.E.2d 754, 758 (1984).

A trial court may terminate parental rights where

> [t]he parent has willfully left the juvenile in foster care or placement outside the home for more than 12 months without showing to the satisfaction of the court that reasonable progress under the circumstances has been made in correcting those conditions which led to the removal of the juvenile. Provided, however, that no parental rights shall be terminated for the sole reason that the parents are unable to care for the juvenile on account of their poverty.

N.C. Gen. Stat. § 7B-1111(a)(2). "Willfulness is established when the respondent had the ability to show reasonable progress, but was unwilling to make the effort." *In re McMillon*, 143 N.C. App. 402, 410, 546 S.E.2d 169, 175, *disc. review denied*, 354 N.C. 218, 554 S.E.2d 341 (2001). "A finding of willfulness is not precluded even if the respondent has made some efforts to regain custody of the children." *In re Nolen*, 117 N.C. App. 693, 699, 453 S.E.2d 220, 224 (1995).

Respondent-mother only challenges finding of fact 13. However, as to the remaining findings in the present case, the trial court found:

> 11. The minor child has been in the custody of DSS since January 17, 2012.
>
> 12. The minor child was adjudicated a neglected and dependent child in an order entered on February 20, 2012. When the respondent mother was release[d] from jail a case plan was worked out with her. The Respondent Mother was to comply with her Out of Home Case Services Plan that included: obtaining a mental health assessment and a substance abuse assessment and follow up with any recommendations made in the assessments, submit to random drug screens, attend and complete parenting classes, obtain employment, pay child support and obtain appropriate and stable housing for her and the minor child. A visitation schedule was also worked out with the Respondent Mother.
>
> . . . .

14. The Respondent Mother obtained a substance abuse assessment on November 8, 2012 in which treatment was recommended. She did not show for three scheduled classes and has not completed her treatment. DSS has been unable to find the Respondent Mother for a random drug screen.

15. The Respondent Mother pled guilty to Larceny from the Person and [Possession of] Methamphetamine on September 3, 2013 and she received an 8-19 month sentence in the North Carolina Department of Adult Correction. The date of offense for the charges was July 28, 2013. The Respondent Mother is presently incarcerated on those charges.

16. The Respondent Mother said she completed parenting classes on May 13, 2013 but DSS has not received a certificate of completion. The classes are offered twice a week. DSS was relieved of reunification efforts pursuant to a permanency planning order dated April 19, 2013.

17. The Respondent Mother has not obtained employment and she has not obtained suitable housing.

18. The Respondent Mother was ordered on August 1, 2013 to pay child support in the amount of $217.00 a month. She has not made any child support payments.

19. A weekly visitation schedule was arranged for the Respondent Mother and the minor child. On December 21, 2012 the Respondent Mother asked that the visits be every other week.

20. The Respondent Mother last visited with the minor child on January 10, 2013. She did not contact DSS about seeing the minor

child from January 18, 2013 until April 9, 2013 when the Court relieved DSS of reunification and visitation efforts with the Respondent Mother.

21. The Respondent Mother has made very little effort to work her case plan and continues to have substance abuse problems.

22. The minor child has been in the custody of DSS for 22 months.

Since respondent-mother has not challenged any of these findings as lacking evidentiary support, they are deemed to be supported by competent evidence and are binding on appeal. *In re M.D.*, 200 N.C. App. 35, 43, 682 S.E.2d 780, 785 (2009).

Respondent-mother contends she had made progress, including completing parenting classes and remaining clean for over a year. However, at the time respondent-mother completed parenting classes, Walter had been in DSS custody for over a year. Moreover, respondent-mother's circumstances at the time of the termination hearing were much the same as when Walter came into custody. Respondent-mother was incarcerated, did not have stable housing or employment, and continued to have substance abuse issues. We conclude the trial court's unchallenged findings of fact support its conclusion that respondent-mother's failure to correct the conditions which led to the removal of Walter was willful. Accordingly, the trial

court did not err in determining that grounds existed to terminate respondent-mother's parental rights pursuant to N.C. Gen. Stat. § 7B-1111(a)(2). The trial court's order is affirmed.

AFFIRMED.

Judge Robert C. HUNTER and Judge DAVIS concur.

Report per Rule 30(e).