TYSON, Judge.
 

 *366
 
 Respondent, the mother of B.O.A. ("Bev"), appeals from the trial court's order terminating her parental rights on the ground of failure to make reasonable progress to correct the conditions that led to Bev's removal from the home. We reverse and remand.
 

 I. Background
 

 The Granville County Department of Social Services ("DSS") obtained nonsecure custody of Bev on August 10, 2015 and filed a juvenile petition alleging she was neglected, in that she lived in an injurious environment due to domestic violence occurring in the home. The petition alleged that on 9 August 2015, law enforcement officers had responded to a call for a domestic violence incident between Respondent-mother and Bev's father. Respondent reported the father had choked her during the incident in the presence of Bev, who was four months old at the time. The law enforcement officers also found a bruise on Bev's right arm. The petition further alleged the Granville County Sheriff's Department had filed charges against Respondent in June 2015 for allegedly injuring Bev's sibling, who now resides in Durham County with that child's father and paternal grandparents.
 

 After a hearing on 17 and 18 December 2015, the trial court entered an order on 19 January 2016 adjudicating Bev as neglected. The trial court found Respondent admitted she was in an abusive relationship with the child's father. A roommate had witnessed acts of domestic violence between the parents while Bev was present in the home. The trial court also found that the parents did not know how Bev had received the bruise on her arm, but Respondent believed it was the
 
 *333
 
 result of an infant carrier. The child was placed with the paternal grandmother and has remained in her care for the duration of the case.
 

 In the dispositional order entered 8 February 2016, the trial court ordered Respondent to follow her Out of Home Service Agreement. The Service Agreement required Respondent: (1) to obtain mental health and psychological assessments and follow recommendations; (2) complete the domestic violence program and follow recommendations; (3) submit to random drug screens; (4) participate in weekly group therapy for substance abuse; (5) continue participating in medication management; (6) complete the parenting class and apply the skills learned during the visits with the child; (7) refrain from any criminal activity; (8) obtain
 
 *367
 
 and maintain stable income for at least three consecutive months; and (9) submit proof of income and budgeting to maintain household bills. Respondent was allowed 90 minutes of supervised visitation with her child per week.
 

 After a permanency planning hearing was held on 12 May 2016, the trial court entered an order continuing reunification as the permanent plan. The trial court found Respondent had tested positive for amphetamines with an "astronomically high" level, and Respondent had continued to make inconsistent reports in regard to her medication, diagnosis, and substance abuse. The court ordered Respondent to continue to work on her Out of Home Service Agreement.
 

 In a review order entered 12 January 2017, the trial court ceased reunification efforts with Respondent and changed the permanent plan from reunification to adoption, and did not enter an alternative plan.
 
 See
 
 N.C. Gen. Stat. § 7B-906.2(b) (2017). The trial court found Respondent had not complied with the terms of her Out of Home Service Agreement, and continued to be hostile and uncooperative with DSS. The court also found that Respondent had not remained free of illegal substances, had not completed the court ordered psychological assessment, and had not visited with her child since September 2016.
 

 On 24 January 2017, DSS filed a petition to terminate Respondent's parental rights on the grounds of neglect and willfully failing to make reasonable progress to correct the conditions which led to the child's removal from the home.
 
 See
 
 N.C. Gen. Stat. § 7B-1111(a)(1) and (2) (2017). After a hearing, the trial court entered an order on 8 September 2017, concluding a ground existed to terminate Respondent's parental rights based on N.C. Gen. Stat. § 7B-1111(a)(2) (failure to make reasonable progress to correct conditions which led to removal of the juvenile), and that termination was in the juvenile's best interest. The trial court terminated Respondent's parental rights. Respondent appealed.
 

 II. Jurisdiction
 

 Jurisdiction lies in this Court pursuant to N.C. Gen. Stat. § 7B-1001(a)(6) (2017).
 

 III. Standard of Review
 

 On appeal, our standard of review for the termination of parental rights is whether the trial court's findings of fact are based on clear, cogent and convincing evidence and whether the findings support the conclusions of law
 
 *368
 
 The trial court's conclusions of law are reviewable
 
 de novo
 
 on appeal.
 

 In re J.S.L.
 
 ,
 
 177 N.C. App. 151
 
 , 154,
 
 628 S.E.2d 387
 
 , 389 (2006) (citations and internal quotation marks omitted).
 

 IV. Issue
 

 Respondent argues the trial court erred in terminating her parental rights pursuant to N.C. Gen. Stat. § 7B-1111(a)(2), failure to make reasonable progress to correct conditions which led to removal of the juvenile, because the findings of fact are insufficient to support the court's conclusion that she failed to show reasonable progress in correcting the conditions which led to Bev's removal. Respondent contends the petition shows Bev was removed from the home due to issues of domestic violence and a bruise on Bev's arm, and the clear and convincing evidence and the court's findings fail to show she did not correct those conditions.
 

 V. Analysis
 

 The trial court terminated Respondent's parental rights only on the ground of failure
 
 *334
 
 to make reasonable progress under N.C. Gen. Stat. § 7B-1111(a)(2). Parental rights may be terminated under N.C. Gen. Stat. § 7B-1111(a)(2) if the court finds and concludes there is clear, cogent, and convincing evidence to support a finding and conclusion that the parent "willfully left the juvenile in foster care or placement outside the home for more than 12 months without showing to the satisfaction of the court that reasonable progress under the circumstances has been made in correcting those conditions which led to the removal of the juvenile." N.C. Gen. Stat. § 7B-1111(a)(2).
 

 The trial court's order must contain adequate findings of fact of whether (1) the parent acted willfully and (2) the parent made reasonable progress under the circumstances.
 
 See
 

 In re C.C.
 
 ,
 
 173 N.C. App. 375
 
 , 384,
 
 618 S.E.2d 813
 
 , 819 (2005). Reasonable progress is not present if the conditions leading to removal have continued with little or no signs of progress.
 
 In re Nolen
 
 ,
 
 117 N.C. App. 693
 
 , 700,
 
 453 S.E.2d 220
 
 , 224-25 (1995).
 

 The juvenile Bev was adjudicated neglected and removed from Respondent's care and custody due to an incident of domestic violence in the home and a bruise on Bev's arm when she was 4 months old. The trial court made the following findings of fact regarding those conditions:
 

 *369
 
 9. That the Respondent mother, ... signed an Out of Home Service Agreement with [DSS] on August 20, 2015, but she has not met the terms of that Agreement.
 

 10. That Respondent mother completed a domestic violence class at Families Living Violence Free, but has not demonstrated the skills that she was to learn in that. In the last six months, the Respondent mother has called the police on her live-in boyfriend and father of her new born child.
 

 ....
 

 30. That there is no credible evidence that the Respondent mother is able to protect her child.
 

 ....
 

 33. That the Respondent mother continues to make excuses and cannot demonstrate what she has learned during her parenting classes and continues to shift her focus away from the juvenile during multiple visitations.
 

 ....
 

 35. That the Respondent mother has remained hostile and combative to [DSS] and has not completed her Out of Home Service Agreement.
 

 36. That the Respondent mother has not demonstrated an ability to put her child first.
 

 The trial court then made the ultimate finding of fact:
 

 39. That the Respondent mother has willfully left the minor child in an out of home placement for more than twelve months without showing to the satisfaction of the court that reasonable progress under the circumstances has been made in correcting those conditions which led to the removal of the juvenile; pursuant to N.C.G.S. § 7B-1111(a)(2).
 

 A. Finding of Fact 10
 

 Respondent challenges the portion of finding of fact 10 relating to her failure to demonstrate learned skills. Respondent asserts that the sole evidentiary fact supporting this finding, she called the police on her
 
 *370
 
 live-in boyfriend when he refused to leave, was not a domestic violence incident. She argues the trial court's evidentiary findings do not support its ultimate finding and conclusion that she had failed to correct the condition of domestic violence which led to Bev's removal. We agree.
 

 At the termination of parental rights hearing, the social worker testified that Respondent did not complete the domestic violence element of the case plan because she continued to be hostile and argumentative toward DSS workers. The social worker also testified it was unverified whether Respondent had "participat[ed] in supportive counseling focused on domestic violence and remain[ed] free of [domestic violence] actions" because the therapist had refused to provide reports to DSS for an unknown reason.
 

 This testimony does not provide clear, cogent, and convincing evidence to support the finding that Respondent failed to demonstrate learned domestic violence skills. Under
 
 *335
 
 N.C. Gen. Stat. § 50B-1 (2017), domestic violence is limited to acts "by a person with whom the aggrieved party has or has had a personal relationship[.]" Respondent's relationship with DSS does not fall within the meaning of a "personal relationship" as defined in N.C. Gen. Stat. § 50B-1(b). Presuming Respondent exhibited argumentative behavior toward or disagreement with the DSS social worker, that fact does not correlate with the domestic violence component of her case plan to demonstrate progress in applying learned skills.
 

 As to the portion of finding of fact 10 stating Respondent had called the police on her live-in boyfriend, Respondent does not dispute she called the police. Respondent asserts this was not a domestic violence incident and she put into practice what she was taught.
 

 At the hearing, when asked whether Respondent had been involved in any more domestic violence complaints, the social worker testified regarding this incident where Respondent "called the law" on her then live-in boyfriend because "she was trying to get him out of the house [and] he refused to leave."
 

 This "called the law" conduct does not fall within the definition of an act of domestic violence under section 50B-1(a), and is not clear, cogent, and convincing evidence to support a finding that Respondent failed to demonstrate learned domestic violence skills or an ultimate conclusion that Respondent failed to correct the condition of domestic violence. Both Respondent and the social worker testified that the incident regarding the Respondent's boyfriend involved Respondent seeking law enforcement assistance to remove the boyfriend from her home.
 

 *371
 
 No evidence was presented that the incident involved violence, force, or any actions constituting domestic violence under the statute.
 
 See
 
 N.C. Gen. Stat. § 50B-1(a). The boyfriend left the home before law enforcement officers arrived, and there was no evidence in the record of any report of complaint being filed. Respondent's decision to call the police for help as a result of a verbal disagreement and prior to domestic violence occurring with another person does not provide clear, cogent, and convincing evidence to support a finding that Respondent failed to demonstrate learned skills or continued to be involved in domestic violence. This evidence supports a contrary finding.
 

 The portion of finding of fact 10 indicating Respondent failed to demonstrate learned domestic violence skills is unsupported by clear, cogent, and convincing evidence, and cannot support the court's ultimate finding and conclusion that Respondent failed to make reasonable progress in correcting the domestic violence conditions which led to Bev's removal and that grounds existed to terminate Respondent's parental rights pursuant to N.C. Gen. Stat. § 7B-1111(a)(2).
 

 The evidence shows that Respondent had obtained a 50B order against the father and had no further contact with him after the original 9 August 2015 incident. The evidence presented at the hearing does not suggest a failure by Respondent to alleviate this condition of domestic violence. Seeking assistance demonstrates an attempt by Respondent-mother to prevent further domestic violence from occurring.
 

 B. Finding of Fact 30
 

 In finding of fact 30, the trial court found "[t]hat there is no credible evidence that the Respondent mother is able to protect her child." This finding implies that Respondent did not prove she is capable of protecting the child. DSS, not Respondent, bears the burden of proving the grounds to terminate Respondent's parental rights, by clear, cogent and convincing evidence.
 
 See
 

 In re McMillon
 
 ,
 
 143 N.C. App. 402
 
 , 408,
 
 546 S.E.2d 169
 
 , 173-74 ("At the adjudication stage, the petitioner has the burden of proof to demonstrate by clear, cogent, and convincing evidence that one or more of the statutory grounds for termination exist."),
 
 disc. review denied
 
 ,
 
 354 N.C. 218
 
 ,
 
 554 S.E.2d 341
 
 (2001).
 

 DSS did not present any evidence to support a conclusion that Respondent was not capable of protecting Bev and it was not Respondent's burden to prove the nonexistence of the ground. This finding is stricken and disregarded.
 

 *336
 

 *372
 

 C. Finding of Fact 33
 

 In finding of fact 33, the trial court found that Respondent could not demonstrate what she learned from the parenting class "and continues to shift her focus away from the juvenile during multiple visitations." DSS' concerns pertained to Respondent not focusing her full attention on Bev at visitation, getting distracted, and needing to be redirected from trying to talk about the case.
 

 However, Bev was not removed from the home due to Respondent's lack of focus with the child, but rather for domestic violence between the parents and an unexplained bruise on a four-month-old child that was determined not to be self-inflicted. DSS did not present any evidence, however, of any issues regarding inappropriate interactions between Respondent and Bev or any concerns of physical abuse. The social worker testified that she did not have any concerns of Respondent hurting Bev and had "never witnessed her hurting the child." This finding does not support the trial court's ultimate finding that Respondent failed to correct the conditions which led to Bev's removal.
 

 Here, the evidence and findings are insufficient to support the trial court's ultimate finding and conclusion that Respondent had not made reasonable progress under the circumstances toward correcting the conditions which led to Bev's removal from her care. DSS' arguments are overruled.
 

 D. Conditions Not Alleged in the Petition
 

 DSS argues that the 9 August 2015 incident and bruise were not the only conditions which led to removal, but were "symptoms of much deeper issues in [the] family[,]" and that the Out of Home Service Agreement identified the "real issues in this matter" pertaining to substance abuse, medication management, mental health/psychological issues, and parenting skills. DSS failed to allege any of these conditions in either the nonsecure custody order or neglect petition to put Respondent on notice of these conditions. Bev was not adjudicated neglected based upon any of these conditions. Without prior notice or allegations, they cannot now be asserted as conditions which led to Bev's removal for the purposes of N.C. Gen. Stat. § 7B-1111(a)(2).
 

 "If the language of the statute is clear and is not ambiguous, we must conclude that the legislature intended the statute to be implemented according to the plain meaning of its terms."
 
 Lanvale Properties, LLC v. Cty. of Cabarrus
 
 ,
 
 366 N.C. 142
 
 , 154,
 
 731 S.E.2d 800
 
 , 809 (2012) (internal citations and quotation marks omitted). The plain language of
 
 *373
 
 N.C. Gen. Stat. § 7B-1111(a)(2) states that the court may terminate parental rights if the parent willfully fails to make reasonable progress "in correcting
 
 those conditions which led to the removal of the juvenile
 
 ." (Emphasis supplied). Although the case plan expressed concerns regarding Respondent's purported substance abuse, mental health, and income, those were not the conditions alleged, which led to Bev's removal from Respondent's care. Respondent's progress or alleged lack of progress in complying with those other terms of her case plan is not relevant in determining whether grounds exist under N.C. Gen. Stat. § 7B-1111(a)(2) to terminate her parental rights for failure to make reasonable progress to alleviate the conditions that led to Bev's removal.
 

 VI. Conclusion
 

 The evidence and findings of fact do not support the trial court's ultimate finding and conclusion that Respondent failed to make reasonable progress in correcting those conditions which led to the removal of Bev from her care. The trial court's order is reversed.
 
 It is so ordered.
 

 REVERSED.
 

 Judges DIETZ and MURPHY concur.